519 A.2d 1050

Commonwealth of Pennsylvania by Attorney General LeRoy S. Zimmerman, Plaintiff *v.* National Apartment Leasing Company a/k/a NALCO, Defendant.

Argued October 8, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Douglas P. Younger,* for plaintiff.

*Joan Shoemaker,* with her, *John V. Adams, Jr., Adams, Shoemaker & McSorley,* for defendant.

OPINION BY JUDGE MACPHAIL, December 30, 1986:

National Apartment Leasing Company (NALCO) has been sued in equity in this Court[1] by the Attorney General in the name of the Commonwealth under and

---

[1] *See* 42 Pa. C. S. §761(a)(2).

pursuant to the provisions of Section 4 of the Unfair Trade Practices and Consumer Protection Law (Consumer Protection Law), Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §201-4. The complaint, averring that NALCO as landlord unlawfully retains its tenants' security deposits, seeks an injunction which (1) enjoins NALCO from violating The Landlord and Tenant Act of 1951 (Landlord Tenant Act), Act of April 6, 1951, P.L. 69, *as amended,* 68 P.S. §§250.101—250.602; (2) enjoins NALCO from violating the Consumer Protection Law; and (3) enjoins NALCO from retaining any security deposits to which it is not entitled. The complaint also seeks an order which would require NALCO to make restitution to all consumers damaged by NALCO's conduct[2] and would require NALCO to pay civil penalties in the sum of $1,000.00 for each violation of the Consumer Protection Law.[3]

NALCO has filed preliminary objections which raise a question of jurisdiction, move to strike scandalous and impertinent material, move for a more specific pleading, demur to the complaint and raise the defenses of lack of capacity to sue and *lis pendens.* The Commonwealth has filed an answer to the preliminary objections.

The gravamen of the complaint is set forth in the following paragraphs:

8. In the normal course of its business, Defendant [NALCO] requires tenants to place a security deposit with Defendant.

9. On numerous occasions, Defendants [sic] have retained said security deposits without justification. Attached hereto and marked as Exhibits "A", "B" and "C" are three consumer

---

[2] *See* Section 4.1 of the Consumer Protection Law, 73 P.S. §201-4.1.

[3] *See* Section 8(b) of the Consumer Protection Law, 73 P.S. §201-8(b).

complaints about such conduct with [sic] the Office of Attorney General, Bureau of Consumer Protection.

10. The aforesaid methods, acts, or practices constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce as prohibited by Section 3 of the UTPCPL [Consumer Protection Law] and as defined in Section 2 of UTPCPL as follows:

(xvii) Engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding.

An examination of the Exhibits reveals that in each instance NALCO is accused of withholding from the renter's security deposit a sum which the renter claims to be exorbitant as a charge for cleaning services to rehabilitate the rented premises upon termination of the lease.

NALCO's first objection is that the Consumer Protection Law and Sections 917-922 of the Administrative Code of 1929,[4] establishing the Bureau of Consumer Protection, are unconstitutional and, therefore, this Court lacks jurisdiction. Whether or not the statutes are constitutional, this Court would have jurisdiction if only for the limited purpose of determining that very issue. We clearly have jurisdiction of the parties and of the subject matter. We believe that the constitutionality issue rather should be included in NALCO's demurrer. We will discuss it in that context later in this opinion. We, however, must overrule NALCO's petition raising the question of jurisdiction.

---

[4] Act of April 9, 1929, P.L. 177, *as amended,* added by the Act of December 17, 1968, P.L. 1221, 71 P.S. §§307-1—307-6.

Regarding the motion for a more specific complaint, it must be observed that the sole basis for the suit by the Attorney General is the alleged unlawful withholding by NALCO of some part of security deposits made by renters and that the Exhibits themselves disclose that the basis for the withholding was charges made for cleaning services. While we are quite aware that our Supreme Court has held that the leasing of residences falls within the ambit of the Consumer Protection Law, *see Commonwealth v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d 812 (1974), and that the terms of the Consumer Protection Law shall be liberally construed, *id.,* we also are aware that the plain language of the statute is, as the Commonwealth has set forth in its complaint, *i.e.,* to prohibit "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 3 of the Consumer Protection Law, 73 P.S. §201-3.

Although the Commonwealth says that the allegedly wrongful acts of NALCO in withholding a part of security deposits for cleaning charges *is* an unfair method of competition and an unfair and deceptive act, such an averment does not make them so. Pa. R.A.P. 106 provides that where matters are brought before us in our original jurisdiction, the general rules applicable to practice and procedure in the courts of common pleas shall apply. Pa. R.C.P. No. 1019(b) states that averments of fraud shall be stated with particularity. The sole reference to fraud in the complaint is the language extracted from the statute and recited in paragraph 10. We hold this to be insufficient to satisfy the requirements of Pa. R.C.P. No. 1019(b).

The complaint also avers that NALCO's alleged misconduct violates Section 512(a) of the Landlord Tenant Act, 68 P.S. §250.512(a). We note that the remedy provided in that statute is a suit in assumpsit[5] by the ten-

---

[5] Now a civil action. *See* Pa. R.C.P. No. 1001(b)(1).

ant against the landlord. Section 512(c) of the Landlord Tenant Act, 68 P.S. §250.512(c). While there may be factual situations where the violation of the Landlord Tenant Act would constitute fraudulent conduct within the meaning of the Consumer Protection Law, the complaint now before us pleads insufficient facts to make such a connection. We certainly could not hold that unverified complaints filed with the Bureau of Consumer Protection satisfy the requirement of the Rule.

For the above-mentioned reasons, it is clear to us that, at the very least, a more specific complaint is required.

Turning our attention now to the demurrer and mindful that it is only the *factual* averments and the inferences fairly deducible therefrom set forth in the complaint which we must accept to be true for the purpose of ruling on the demurrer, *Pennsylvania Association of State Mental Hospital Physicians v. Commonwealth*, 63 Pa. Commonwealth Ct. 307, 437 A.2d 1297 (1981), we are confronted with the same problem we have just discussed, *i.e.*, assuming that NALCO did unlawfully withhold certain sums from the security deposits of certain persons for cleaning charges, is that fact alone sufficient to authorize the instant suit? We think not. Again we must note that unless the withholding was in some way fraudulent, unfair or deceptive, the alleged unlawful withholding would be inadequate to make out a cause of action such as is authorized by the Consumer Protection Law. It may well be that the Commonwealth can aver sufficient facts to overcome the present deficiencies in the complaint. We are of the opinion that it must be given the opportunity to do so.

Inasmuch as we have previously held that the constitutionality issue should be considered in the preliminary objection in the nature of a demurrer, we now hold, in accord with well established case law which

holds that we should not reach constitutional issues where the case can be disposed of on other grounds, *Ballou v. State Ethics Commission,* 496 Pa. 127, 436 A.2d 186 (1981), that we need not reach this issue at this time since we have sustained the demurrer on other grounds. Should an amended complaint be filed, NALCO may raise the constitutional issues at that time.

NALCO contends that the Exhibits attached to the complaint are scandalous and impertinent and should be stricken pursuant to the provisions of Pa. R.C.P. No. 1017(b)(2) because they are unsworn statements and there is no proper verification of their authenticity. We will overrule this objection because we find the Exhibits to be neither scandalous nor impertinent. The facts set forth therein may or may not be true but the purpose for which the Exhibits are attached is to verify that complaints have been filed with the Office of the Attorney General. While the Exhibits also may constitute evidence, it is not improper to have them attached to the pleading.

NALCO states that the Attorney General has been given authority to institute suit by Section 4 of the Consumer Protection Law, 73 P.S. §201-4; however, since nothing set forth in the complaint could give the Attorney General reason to believe that NALCO was violating that law, NALCO argues that the Attorney General lacks capacity to sue. We will overrule this objection. It is sufficient under the law for the Attorney General to *believe* that a violation has occurred. His belief may be subject to challenge and ultimately may be proven to be unfounded but at this stage of the pleadings, he has averred all that the statute requires to support his authority to commence the action.

NALCO finally asserts that since one of the complainants mentioned in one of the Exhibits has instituted suit in the Court of Common Pleas of Allegheny

County, this action is barred.. We will overrule this objection. It is NALCO's *practice* that is challenged here. If the complainant identified in the Exhibit is successful in the litigation she has instituted in the court of common pleas, such complainant, of course, would not be entitled to the restitution sought in this action; it is only to that extent, however, that that litigation would bear upon the matter now before us. Neither do we see the other action pending in this Court at No. 2553 C.D. 1985[6] as a bar to the instant litigation, inasmuch as the issues raised there are entirely separate from those now before us.

The attached order will be entered.

### ORDER

The preliminary objections of National Apartment Leasing Company are sustained in part and overruled in part as follows:

(1)   the objection to jurisdiction is overruled;

(2)   the objection of lack of conformity to law is overruled;

(3)   the motion for a more specific pleading is sustained;

(4)   the demurrer is sustained;

(5)   the petition raising the defense of lack of capacity to sue and pendency of a prior action is denied.

The Commonwealth is granted leave to file an amended complaint within twenty (20) days of the date of this order.

---

[6] In that action, NALCO is appealing from a fine levied against it on a charge of contempt of court.

---

CONCURRING AND DISSENTING OPINION BY JUDGE COLINS:

I concur with the majority's conclusion that a more specific complaint is required in this matter. However, I

must dissent from the reasoning of the majority concerning the demurrer.

The complaint, viewed in its most favorable light, indicates that NALCO allegedly withheld certain sums from tenants as a repeated course of conduct. The course of conduct, as detailed in the three affidavits, is pleaded as an "unfair or deceptive act" in paragraph ten of the Commonwealth's complaint. Surely, the alleged charging of exorbitant fees for unnecessary cleaning services on a repeated basis would constitute an unfair practice on behalf of NALCO.

In this situation, the parties can hardly be viewed as being on an equal footing. The tenants have vacated the premises and paid all remaining rents due. The landlord is in possession of the security deposit and is alleged to be unlawfully refusing to return said deposit. Such conduct clearly falls within the purview of the Act and, as such, a demurrer should not be granted for the reasons cited by the majority.