522 A.2d 125

Bernard J. Goodheart et al., Petitioners *v.* The Honorable Dick Thornburgh, in his capacity as Governor of the Commonwealth of Pennsylvania, the General Assembly of the Commonwealth of Pennsylvania, The State Employees' Retirement Board, and R. Budd Dwyer, in his capacity as Treasurer of the Commonwealth of Pennsylvania, Respondents.

386

Argued February 25, 1987, before President Judge CRUMLISH, JR.

*Henry T. Reath,* with him, *Judith N. Renzulli, Duane, Morris & Heckscher,* for petitioners.

*John P. Krill,* Deputy General Counsel, with him, *Andrew H. Cline,* for respondent, Governor Richard Thornburgh.

*Ursula B. Bartels,* with her, *C. Clark Hodgson, Jr., Stradley, Ronon, Stevens & Young,* for respondent, The General Assembly of the Commonwealth of Pennsylvania.

*Susan J. Forney,* Senior Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, for respondent, State Employees' Retirement Board.

*Vincent X. Yakowicz,* for respondent, R. Budd Dwyer, Treasurer of the Commonwealth of Pennsylvania.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR. March 6, 1987:

The Honorable BERNARD J. GOODHEART, representing himself, an association, and five other judges of the common pleas court[1] (petitioners) have filed a petition for review in the nature of a complaint in mandamus and for a declaratory judgment. Petitioners ask this

---

[1] In addition to GOODHEART, the petitioners are Honorable NELSON A. DIAZ; Honorable JOSEPH T. LABRUM; Honorable ALEXANDER ENDY; Honorable DAVID B. SMITH; Honorable THOMAS D. WATKINS; and the Pennsylvania Conference of State Trial Judges, an unincorporated professional organization.

Petitioners seek certification as a class of all state court judges who assumed office after March 1st, which class would be divided into two subclasses:

(a) those whose terms began after March 1, 1974 but before July 22, 1983; and

(b) those judges whose terms began after July 22, 1983.

Because they may belong to the class bringing this action, should it be certified, the following members of this Court have recused in this matter: Honorable DAVID W. CRAIG; Honorable JOHN A. MACPHAIL; Honorable JOSEPH T. DOYLE; Honorable FRANCIS A. BARRY; Honorable JAMES GARDNER COLINS; and Honorable MADALINE PALLADINO.

Court to declare unconstitutional those portions of the State Employees' Retirement Code of 1974, 71 Pa. C. S. §§5101-5956 (1974 Code), which eliminated certain provisions of the State Employees' Retirement Code of 1959.[2] They also seek a writ of mandamus to compel the appropriation of adequate funds to permit them to receive retirement benefits according to the same formula applied to judges assuming office before enactment of the 1974 Code.

The petition names as respondents the State Employees' Retirement Board, the State Treasurer, the Governor, and the Commonwealth General Assembly, all of whom, except for the Governor, have filed preliminary objections now before this Court.[3]

## Background

The Retirement Code of 1959 established a comprehensive retirement system for state employees, including judges. Participation in the system was mandatory, and all Commonwealth judges were required to contribute to the fund at statutorily prescribed levels. Judges had an option, however, to elect "Class E-1" coverage, which permitted them to contribute a higher percentage of their salaries and receive proportionately higher benefits. They could also opt into the system's Social Security Integration Plan (SSI Plan) by making additional retirement fund contributions each year from earnings in excess of their Social Security wage base and receive corresponding benefits upon retiring.

---

[2] Act of June 1, 1959, P.L. 392, *formerly* 71 P.S. §§1725-101—1725-809, repealed by the Act of March 1, 1974, P.L. 125. Petitioners also seek to have 71 Pa. C. S. §5505.1, which amended the 1974 Code, declared invalid.

[3] The Governor, also a named respondent in this action, has filed an answer to petitioners' complaint.

The State Employees' Retirement Code of 1974 eliminated the option for judges to elect Class E-1 coverage and SSI plan participation. However, under our Supreme Court and this Court's rulings in *Catania v. State Employees' Retirement Board,* 498 Pa. 684, 450 A.2d 1342 (1982), *on remand,* 71 Pa. Commonwealth Ct. 393, 455 A.2d 1250 (1983), judges who assumed office *before* the 1974 changes could continue to elect the enhanced Class E-1 coverage. All judges assuming office *after* the effective date of the 1974 Code are now required to contribute to and receive basic mandatory retirement benefits coverage ("Class A" coverage).

In addition, the 1983 amendments to the Code increased the basic employee contribution rate without a corresponding increase in the benefits level. Subsequently, our Supreme Court ruled, in *Association of Pennsylvania State College and University Faculties v. State System of Higher Education,* 505 Pa. 369, 479 A.2d 962 (1984), that the change in contribution rates was void as a unilateral modification of contracts when applied to employees hired prior to the 1983 amendments. Thus, only judges assuming office after the effective date of the 1983 amendments are subject to the increased contribution rate.

*Preliminary Objections of the State Employees' Retirement Board and State Treasurer*

The State Treasurer (Treasurer) and State Employees' Retirement Board (Board) demur to the petition because they contend it fails to state a cause of action (1) against the Treasurer or (2) against the Board, inasmuch as changes in the Retirement Code eliminating Class E-1 coverage do not violate the Pennsylvania Constitution's prohibition against discrimination[4] or the

---

[4] PA. CONST. art. 1, §1 and §26.

due process and equal protection clauses of the United States Constitution.[5] The Treasurer and Board also argue that the petition for review alleges no facts establishing that the independent functioning of the judiciary has been impaired. Thus, they contend, petitioners have failed to show any violation of Article 5, §16(a) of the Pennsylvania Constitution.

Preliminary objections in the nature of a demurrer are not to be sustained unless the law says with certainty that no recovery is possible, *Cianfrani v. State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984), and the complaint is clearly insufficient to establish any right to relief. *Allegheny County v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). Our Supreme Court has enunciated the standard in ruling on such preliminary objections:

> The test, . . . is *not whether the applicable law is clear and free from doubt,* but *whether it is clear* and free from doubt from the facts pleaded *that the pleader will be unable to prove facts legally sufficient to establish his right to relief.*
> . . . This is so whether the legal determination to be made is relatively simple or relatively difficult.

*Firing v. Kephart,* 466 Pa. 560, 563-64, 353 A.2d 833, 835 (1976) (emphasis added). Moreover, any doubts about sustaining preliminary objections should be resolved against the objecting party. *International Association of Firefighters, Local 2493 v. Loftus,* 80 Pa. Commonwealth Ct. 329, 471 A.2d 605 (1984).

Petitioners seek a declaration that the changes in the 1974 Retirement Code are unconstitutional because they impair the independent functioning of the judiciary and create disparate schemes for compensation of

---

[5] U.S. CONST. amend. V and XIV.

judges that bear no relation to any government interest. Our inquiry, then, is to determine whether the facts petitioners have pleaded, if proven, cannot *without a doubt* support a claim on those grounds.

Petitioners have alleged that the duties and responsibilities of judges assuming office before and after the 1974 changes in the Retirement Code are identical. They further allege that the changes effected by the 1974 Code constitute a net detriment in their compensation package and render their compensation inadequate. These changes, petitioners aver, prevent them from performing their functions independently and free from financial worry. They also aver that these changes establish an arbitrary classification based solely on date of entry into judicial service and do not promote the actuarial soundness of the retirement fund.

We cannot say with absolute certainty that the facts pleaded, if proven, will be insufficient to establish any right to relief under the equal protection or judicial impairment theories that petitioners have put forth. If any theory of law will support a claim, preliminary objections are not to be sustained. *Cianfrani*. Therefore, the preliminary objections of respondent Board are overruled.

However, we conclude that petitioners have failed to state a claim against the Treasurer upon which relief can be granted.

The petition names the Treasurer as respondent in his capacity as a statewide office holder and in his statutory capacity as a member of the Board. The petition avers that the Treasurer "has various powers and duties with respect to the state employees' retirement system and the State Employees' Retirement Fund." Petition for review, p. 7.

Although the Treasurer is named as a member of the Board, petitioners have pled no facts upon which a cause of action could be brought against him singly and

separately from other members of the Board. To the extent that the Treasurer is named as a statewide official charged with custody of Commonwealth funds, any action to compel him to disburse funds is premature. As discussed below with respect to the General Assembly, such an action in the nature of mandamus is therefore inappropriate where a right to relief has not yet arisen. The preliminary objections of the Treasurer are sustained.

### Preliminary Objections of the Commonwealth General Assembly

Petitioners also seek a writ of mandamus directing respondent General Assembly to appropriate funds in an amount sufficient to allow them to elect and contribute to Class E-I and SSI coverage equivalent to that of pre-1974 judges.

Of course, mandamus will lie only to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding legal duty in the respondent, and want of any other appropriate and adequate remedy. *Pennsylvania Dental Association v. Insurance Department,* 512 Pa. 217, 516 A.2d 647 (1986). Respondent General Assembly contends that petitioners have no clear right to the requested relief since the appropriation of funds is within the exclusive province of the legislature, and our Constitution's Speech and Debate Clause[6] bars suits against it for actions it takes within the legislative sphere. It also contends that petitioners have alleged no facts which would establish a statutory duty to effect appropriations, since they have not shown that the statute, as it stands now, requires them to make funds available. The General Assembly argues that, *should*

---

[6] PA. CONST. art. 2, §15.

the Retirement Code changes be declared unconstitutional as petitioners request, and *should* it refuse to appropriate funds, *then* mandamus may be an appropriate remedy.

We conclude that the issue here is like that in *Camiel v. Thornburgh,* 507 Pa. 337, 489 A.2d 1360 (1985), where the petitioner sought a mandamus writ to compel the governor to furnish his facsimile signature to the Pennsylvania Turnpike Commissioner for use on revenue bonds. The Turnpike Commission had not approved the issuance of certain bonds for road improvements when it sought the governor's signature. There, our Supreme Court held that, assuming arguendo that furnishing facsimile signature was the governor's mandatory duty, mandamus was not appropriate because financing (through the bond issue) had not been approved.

> If, an action in mandamus is to lie, it must involve the assertion of a *present* right which has been refused by the agency or government officer whose clear duty it is to perform. In the context of mandamus, the right may not accrue in the future and the refusal may not be speculative.

*Id.* at 341, 489 A.2d at 1362 (emphasis in original; footnote omitted).

Where, as here, the 1974 changes in the Retirement Code have not been declared invalid, the duty to appropriate funds has not yet arisen. Further, petitioners have not alleged any refusal by the legislature to finance the enhanced benefits which invalidation of the 1974 Code and its amendments might necessitate. It may be that, if the changes in the Code were found to be unconstitutional, the General Assembly would appropriate the requisite funds.

Therefore, a writ of mandamus is not appropriate in this action and respondent Commonwealth General Assembly's preliminary objection is sustained.

ORDER

The preliminary objections of respondent Commonwealth General Assembly are sustained.

The preliminary objections of respondent State Treasurer are sustained.

The preliminary objections of respondent State Employees' Retirement Board (Board) are overruled.

Respondent Board is directed to file an answer to the petition within thirty (30) days of the date of certification of this Order.

Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO did not participate in the decision in this case.