535 A.2d 243

Karl K. Lewin, M.D., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Medicine, Respondent.

Argued October 7, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Samuel J. Reich,* with him, *Charles C. Bell, Hess, Reich, Georgiades, Ray & Homyak, P.C.,* for petitioner.

*Thomas F. Halloran,* Senior Deputy Attorney, with him, *Kate L. Mershimer,* Deputy Attorney General, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE COLINS, December 21, 1987:

Karl K. Lewin, M.D., a psychiatrist (Petitioner), has filed a Petition for Review in our original jurisdiction directed against the State Board of Medicine (Board) which seeks a declaration that Section 40(a) of the Medical Practice Act (Act), Act of December 20, 1985, P.L. 457, 63 P.S. §422.40(a), providing for the temporary suspension of a medical license, is unconstitutional. Petitioner further requests that we enjoin the Board from continuing the suspension of his license until he is afforded a dispositional hearing on the allegations of sexual misconduct which culminated in the Board's action pursuant to Section 40(a) of the Act. We here consider Preliminary Objections filed by the Board which challenge the nature of our jurisdiction and demur to the Petition for Review.

We distill the following facts from petitioner's Petition for Review. Based upon the allegations of three former patients to the effect that petitioner had engaged them in sexual conduct, the Board, on June 23, 1987, entered an emergency order temporarily suspending petitioner's license, in accordance with Section 40(a) of the Act. That section pertinently provides as follows:

(a) *Temporary suspensions.*—A license . . . may be temporarily suspended under circumstances as determined by the [B]oard to be an immediate and clear danger to the public health and safety. The [B]oard shall issue an order to that effect without a hearing, but upon due notice, to the licensee . . . which shall include a written statement of all allegations against the licensee. . . . The [B]oard shall thereupon commence formal action to suspend, revoke or restrict the license. . . . All actions shall be taken promptly and without delay. *Within 30 days following the issuance of an order temporarily*

*suspending a license, the [B]oard shall conduct . . . a preliminary hearing to determine that there is a prima facie case supporting the suspension.* . . . If it is determined that there is not a prima facie case, the suspended license shall be immediately restored. *The temporary suspension shall remain in effect until vacated by the [B]oard; but in no event longer than 180 days.* (Emphasis added.)

The Board's suspension order included notice of a preliminary hearing to be held on July 22, 1987, which hearing is above defined as encompassing a determination of whether or not "there is a prima facie case supporting the suspension."

Petitioner avers that he did not receive prior notification of the pendency of the allegations nor did the Board ever inquire of him regarding the validity of same; he categorically denies the charges. Petitioner was served with the Board's order on June 24, 1987, and at that time surrendered his certificate and license. Notice of his suspension was published in the local newspaper of general circulation and he avers that he has not practiced medicine since that date. He alleges that he has consequently suffered immediate and irreparable harm both financially and professionally, such harm augmented, of course, by the publication of his license suspension. Moreover, he submits that he will continue to suffer such harm by virtue of the Act's failure to provide a dispositional hearing for up to 180 days after the suspension.

Petitioner argues that the above scenario evidences an unconstitutional deprivation of due process. He submits that Section 40(a) of the Act denies him due process by: (1) failing to define the circumstances presenting a "clear and immediate danger to the public health and safety"; (2) failing to provide notice and an

opportunity to be heard prior to the imposition of the emergency license suspension; and (3) failing to provide a prompt dispositional hearing on the merits of the allegations held by the Board to warrant a license suspension.

The Board filed Preliminary Objections, as we have indicated, in the nature of a challenge to our jurisdiction and a demurrer. Within the context of its demurrer, the Board submits that Section 40(a) of the Act is constitutionally sound.

Turning to the jurisdictional question, we note that the Board does not contend that we lack jurisdiction of this matter *in toto*. Rather, the Board contends that we lack *original* jurisdiction, the implication being, of course, that our jurisdiction is appellate in nature. The Board has not briefed this challenge, however, and merely interposes this objection in that section of its brief entitled the "Statement of Jurisdiction" and in a footnote found in the "Statement of the Case." It bases this challenge on an Order of our Supreme Court, dated July 30, 1987, which quashed as interlocutory the Board's appeal from our grant of petitioner's Motion for Preliminary Injunction.[1] This Order was entered without opinion and without reference to Pa. R.A.P. 3315 (authorizing review of stay orders of an appellate court). Lacking the benefit of the Supreme Court's reasoning, we do not find the Order, standing alone, dispositive of the question of the nature of our jurisdiction. The gravaman of Petitioner's Petition for Review involves a due process challenge to Section 40(a) of the Act, by which he contends that the administrative remedy provided

---

[1] Following a hearing, Petitioner's Motion for Preliminary Injunction was granted by Order of this Court, dated July 15, 1987, "until such time as Respondent Board conducts a preliminary hearing pursuant to 63 P.S. §422.40 and enters an order following said preliminary hearing."

therein is too temporally remote to afford him meaningful relief. We will thus characterize the instant matter as one properly addressed to our original jurisdiction. *See Commonwealth by Zimmerman v. National Apartment Leasing Co.,* 102 Pa. Commonwealth Ct. 623, 519 A.2d 1050 (1986).

We turn to the Board's Preliminary Objection in the nature of a demurrer, guided by the tenet that we cannot sustain such objection unless the law says with certainty that no recovery is possible. *Goodheart v. Thornburgh,* 104 Pa. Commonwealth Ct. 385, 522 A.2d 125 (1987). If any theory of law will support the claim raised by the petition, a dismissal is improper. *Cianfrani v. State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984). In *Goodheart* at 390, 522 A.2d at 127, we reiterated the standard in ruling on a demurrer as follows:

> The test . . . is not whether the applicable law is clear and free from doubt, but whether it is clear and free from doubt from the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. . . . This is so whether the legal determination to be made is relatively simple or relatively difficult.

*Quoting Firing v. Kephart,* 466 Pa. 560, 563-64, 353 A.2d 833, 835 (1976) (emphasis added in *Goodheart* but here deleted).

Accepting as true the factual averments of petitioner's Petition for Review, as well as the inferences fairly deducible therefrom for the purposes of ruling on the demurrer, *National Apartment Leasing Co.,* we cannot say with absolute certainty that those facts, if proven, will be insufficient to establish any right to relief.

Petitioner contends that Section 40(a) of the Act unconstitutionally denies him due process by failing to provide pre-suspension notice and a hearing or a

*prompt* post-suspension hearing. Such deprivation, he avers, has caused him harm of an immediate and irreparable nature, both financially and professionally, and will continue to do so. Accepting petitioner's factual averments and all reasonable inferences therefrom, we believe a possibility for relief exists. We also note that the Board's pleading, although entitled "Demurrer", contains material which would more appropriately appear in an Answer, insofar as the averments address the merits of petitioner's Petition for Review. Without specific factual denials or admissions by the Board, it would be inappropriate to resolve this matter on demurrer.

Accordingly, the Preliminary Objections filed by the Board are overruled.

### ORDER

AND NOW, December 21, 1987, the Preliminary Objections of the State Board of Medicine filed in the above-captioned matter are overruled. Respondent Board is directed to file an Answer to the Petition within thirty (30) days of the date of certification of this Order.

Judge PALLADINO concurs in the result only.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent.

The majority concludes that it would be inappropriate to resolve this matter on a demurrer. On the contrary, I believe it can and should be resolved in this procedural posture.

Lewin contends that Section 40(a) unconstitutionally denies him due process by failing to provide pre-suspension notice and a hearing or a *prompt* post-

suspension hearing. To this complaint, the Board demurs, accepting as it must Dr. Lewin's factual averments and contending that due process is not offended by the procedure set forth in Section 40(a) of the Act.

Of course, practicing physicians and all persons licensed by the Commonwealth to engage in their livelihood have a significant private interest in retaining the means of that livelihood. This interest, however, must be balanced against the state's interest in protecting its citizens' health, safety and welfare.

The Supreme Court, while recognizing that the Due Process Clause mandates a pre-termination hearing in most cases when an entitlement to employment exists, *Cleveland Board of Education v. Loudermill,* 470 U.S. 532 (1985), has never held that such a hearing is in all cases constitutionally required. Indeed, it has acknowledged that there are some situations in which a post-deprivation hearing will satisfy due process requirements. *Id.* at 542 n. 7. *See also Barry v. Barchi,* 443 U.S. 55 (1979) (state's interest in protecting public and preserving integrity of racing outweighs a trainer's right to hearing before suspension).

The physician enjoys a position of trust in our society. This is partly so because, although we may all "have occasion to consult him . . . comparatively few can judge [his] qualifications. . . . Reliance must be placed upon the assurance given by his license. . . ." *Dent v. West Virginia,* 129 U.S. 114, 122-23 (1889). To protect the public safety, and to preserve this relationship of trust, the state, on whom its citizens rely, has broad power to enforce standards of conduct. It is this unique situation which makes the state's interest most acute. Granting the Board the strong presumption that it, as a government body, is acting with regularity and has upon proper investigation perceived an immediate

and clear danger which warrants temporary suspension (to be followed by prompt dispositional hearings), then I believe the plaintiff has received "all the process that is due."

Accordingly, I would sustain the Board's demurrer.