606 A.2d 1215

**Larry D'AMELIO, Individually and on Behalf of All Other Persons Similarly Situated, Appellants,**

**v.**

**BLUE CROSS OF LEHIGH VALLEY and St. Luke's Hospital, Individually and on Behalf of All Other Hospitals Similarly Situated.**

Superior Court of Pennsylvania.

Argued Feb. 5, 1992.

Filed April 27, 1992.

Margaret H. Poswistilo, Easton, for appellants.

Oldrich Foucek, III, Allentown, for appellee Blue Cross.

Annette P. Landes, Easton, for participating party Good Shepherd Rehabilitation Hosp.

William J. O'Kane, Easton, for amicus curiae Easton Hosp.

Wallace H. Bateman, Jr., Perkasie, for participating Grandview Hosp.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from the order of August 6, 1990 denying appellant's motion to amend his complaint. Appellant, Larry D'Amelio, individually, and on behalf of all other persons similarly situated, presents the following claims:

1. Did the lower court err in refusing to allow the class-representative plaintiff to amend the complaint by the naming of eighteen individual defendants who had been originally included in the law-suit as members of a proposed class of defendants not certified by the lower court, and, further, by the adding of individual counts in the complaint against each of the eighteen individual defendants?

2. Does the commencement of a class action against unnamed defendants suspend the statute of limitations until the certification issue is decided?

3.  Is certification of a class of defendants a moot issue in this case?

4.  Has the lower court decertified a large portion of the plaintiff class by its order of August 6, 1990?

Appellant's Brief at 5.

On or about September 11, 1981, Larry D'Amelio filed his original complaint in this action, naming Blue Cross of Lehigh Valley as the defendant. The suit was denominated a "class action" and was brought on D'Amelio's individual behalf as well as on the behalf of all other persons alleged to be similarly situated.

D'Amelio originally sought to represent a class of persons who, while eligible for Blue Cross coverage, were admitted to hospitals having contracts with Blue Cross to provide hospital services to persons so covered. The complaint alleged that the proposed members of the class incurred medical expenses which were not paid because Blue Cross determined that the services provided were not medically necessary. The complaint also alleged that due to Blue Cross' denial of coverage, the proposed members of the class were now personally required to pay their hospital expenses. Monetary and equitable relief was sought under claims of trespass and assumpsit.

D'Amelio claimed that Blue Cross breached its subscription agreement by retrospective denial of coverage. In the alternative, he argued that if the retrospective review and denial provisions were part of and authorized by the agreement, they were unconscionable and void as against public policy.

In an amended complaint filed on October 14, 1981, D'Amelio named St. Luke's Hospital as a representative of a purported class of defendant-hospitals. In 1982, D'Amelio moved for class certification of the plaintiff class and defendant class. On May 6, 1983, the lower court denied and dismissed the motion. Appellant then filed a petition for reconsideration as to the denial of certification of the plain-

tiff class which was denied.[1]  On May 26, 1983, D'Amelio filed a notice of appeal to this court.

On October 11, 1985, this Court reversed the lower court and remanded the case for further findings as to the certification of the plaintiff class.[2]  347 Pa.Super. 441, 500 A.2d 1137.  The lower court subsequently entered an order granting the motion for certification of a plaintiff class. The court refused to reconsider the issue of certification of a defendant class.  When the trial court certified the plaintiff class, in its order of July 18, 1989, it did so in the context of the unappealed order of May 6, 1983, limiting the defendants strictly to Blue Cross and St. Luke's.

Thereafter, on September 13, 1989 D'Amelio filed a motion to amend the complaint to name nineteen hospitals as individual defendants.  The lower court denied D'Amelio's motion to amend the complaint on August 6, 1990.  This timely appeal followed.

First, appellant claims that the lower court erred in refusing to allow him to amend the complaint by the naming of eighteen individual defendants who had originally been included in the law-suit as members of a proposed class of defendants not certified.  We disagree.

■ A party seeking judicial resolution of a controversy in this Commonwealth must establish that he has standing to maintain the action.  "The core concept, of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge."  *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975).  The requirement that a party must be "aggrieved" is also applicable to class actions.  *Nye v. Erie Insurance Exchange*, 504 Pa. 3, 6, 470 A.2d 98, 100 (1985).

1.  Appellant did not seek reconsideration of the denial of certification of the defendant class.

2.  When this court remanded for certification of the plaintiff class, the only named defendants were Blue Cross and St. Luke's Hospital.

■ In the instant case, D'Amelio was aggrieved by the actions of Blue Cross of Lehigh Valley when it overruled St. Luke's initial determination that his treatment was medically necessary. Therefore, it can be said that D'Amelio has standing to represent all persons who were aggrieved by similar rulings by Blue Cross with respect to any St. Luke's. However, we cannot say that such standing extends to any other hospital with which Blue Cross has a contract. None of the other hospitals sought to be joined engaged in conduct which contributed to the injury he suffered from the controversy between St. Luke's and Blue Cross of Lehigh Valley.

■ In the alternative, D'Amelio claims that the formation of subclasses would alleviate the problem of lack of standing because other aggrieved individuals have standing to be class, or subclass, representatives for an action against hospitals other than St. Luke's. This argument is unpersuasive.

Pennsylvania Rules of Civil Procedure, Rule 1710, provides in relevant part:

(c) When appropriate, in certifying, refusing to certify or revoking a certification of a class action the court may order that:

(2) a class be divided into subclasses and each subclass treated as a class for purposes of certifying, refusing to certify or revoking a certification and that the provisions of these rules be applied accordingly.[3]

Pa.R.Civ.P. Rule 1710(c)(2). The rule does not contemplate the formation of subclasses to cure problems of standing. Rather, the Pennsylvania Rules of Civil Procedure contemplate maintaining class action suits, or subclass action suits, only when such suits are a fair and efficient method of adjudication. *See* Pa.R.Civ.P. § 1702, § 1708. Accordingly,

3. Explanatory Note to Rule 1710 provides in relevant part that: Subdivision (c) follows the Federal Rule in permitting the court to limit the class action to particular issues or forms of relief, and to divide the proposed class into subclasses.

the formation of subclasses is not an appropriate cure for appellant's standing deficiencies.

We conclude that the plaintiff has standing to represent all persons who have or will suffer injury as a result of billings from St. Luke's which have or will be denied coverage by Blue Cross. However, D'Amelio has no standing to sue the other hospitals sought to be joined because he has not been adversely affected in any way by conduct of such hospitals.

Appellant next claims that the commencement of a class action against unnamed defendants suspends the statute of limitations until certification is decided. Because we find that appellant lacks standing as to the additional hospitals (other than St. Lukes) we need not reach this issue.

■ Appellant next claims that certification of a class of defendants is not a moot issue. D'Amelio suggests that this court may, at this time, examine the lower court's decision to deny the defendant class certification. This claim is meritless.

The court below in its order and opinion of July 18, 1989 unequivocally stated that defendant class certification was denied. The denial of class certification is a final appealable order, *McConnell v. Commonwealth, Department of Revenue*, 503 Pa. 322, 325 n. 2, 469 A.2d 574, 576, n. 2 (1983), and on July 18, 1989, the thirty (30) day appeal period began to run against appellant. Appellant did not appeal the denial of defendant class certification within thirty (30) days and, therefore, appellant has waived this issue.

■ Lastly, appellant contends that the lower court has decertified a large portion of the plaintiff class by its order of August 6, 1990. We disagree.

The order in question stated that D'Amelio lacked standing as to the hospitals that he sought to join. The court noted that he continued to have standing to represent all persons who have or will suffer injury as a result of billings from St. Luke's which have or will will be denied coverage

by Blue Cross of Lehigh Valley. The plaintiff class is not decertified by the order. Accordingly, we affirm the order of August 6, 1990 in which the court denied appellant's motion to amend his complaint to add eighteen hospitals as defendants.

Order affirmed.