617 A.2d 70

**Robert BOYLE, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1992.

Decided Nov. 12, 1992.

---

Robert J. Boyle, for petitioner.

Edward A. Monsky, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Before us in our original jurisdiction is a Petition for Review in the nature of a complaint for declaratory judgment filed by Robert Boyle (Boyle), the plaintiff in a civil action against the Commonwealth of Pennsylvania, Department of Transportation (DOT). In opposition thereto, DOT has filed Preliminary Objections.[1]

Boyle filed suit against DOT in the Court of Common Pleas of Lackawanna County, at 85–CIV–2786, on June 13, 1985, by which he sought recovery of damages for injuries he received as the result of an automobile accident which occurred on June 15, 1983. By answer and new matter, DOT denied the material allegations of Boyle's complaint and asserted the affirmative defenses of immunity from suit pursuant to 1 Pa.C.S. § 2310[2] and furthermore claimed that Boyle's cause of action does not fall within the limited waiver of sovereign immunity set forth at 42 Pa.C.S. § 8522(b).[3] DOT further averred that, should liability be found on its part, damages are limited to the

1. In addition to the Preliminary Objections, DOT has filed an Application for Summary Relief, pursuant to Pa.R.A.P. 1532(b), by which it requests dismissal of Boyle's Petition "for the reasons set forth in [DOT's] Preliminary Objections to said Petition." We will address only the Preliminary Objections, and dismiss the Application for Summary Relief as moot.

2. 1 Pa.C.S. § 2310 provides:
   Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.

3. 42 Pa.C.S. § 8522(b) sets forth acts by a Commonwealth party which may result in the imposition of liability and for which the defense of sovereign immunity shall not be raised.

amount and type set forth in 42 Pa.C.S. § 8528.[4] The case is still pending in the trial court.

In Boyle's petition for declaratory judgement, he seeks a declaration that 1 Pa.C.S. § 2310 (sovereign immunity) and 42 Pa.C.S. § 8528 (limitation on damages) are "violative of and offensive to" his constitutional rights under the equal protection clause of the Federal constitution and Article III, Section 32 of the Pennsylvania Constitution.[5] (Petition, paragraph 17.) Boyle alleges that these statutes deny him interests, liberties, rights and benefits that are enjoyed by victims of private tortfeasors by precluding recovery of damages in an amount commensurate with his loss.

DOT, in its Preliminary Objections, counters that there has been no final appealable order of the trial court in the underlying action, which we interpret to mean that Boyle lacks standing to bring this action.[6] DOT seeks dismissal of Boyle's petition for declaratory judgment.

In addressing Boyle's petition and DOT's objections thereto, we must determine whether the relief Boyle seeks can be granted and under what circumstances it can be granted. We look to the provisions of the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, and case law.

■■■ Declaratory relief is not available unless an actual controversy exists or is imminent or inevitable. *Pennsylvania Turnpike Commission v. Hafer*, 142 Pa.Commonwealth Ct. 502, 597 A.2d 754 (1991). Declaratory judgment is not appro-

4. 42 Pa.C.S. § 8528 sets forth limitations on damages recoverable against a Commonwealth party by amount and types of damages recoverable.

5. Article III, Section 32 of the Pennsylvania Constitution provides that the General Assembly shall pass no local or special law which has been or can be provided for by general law, and it enumerates certain proscribed local or special laws.

6. DOT also raises our lack of subject matter jurisdiction and personal jurisdiction in its Preliminary Objections. We note that we do have both subject matter jurisdiction and personal jurisdiction. *See Nagle v. American Casualty Company*, 317 Pa. Superior Ct. 164, 463 A.2d 1136 (1983); *Lashe v. Northern York County School District*, 52 Pa.Commonwealth Ct. 541, 417 A.2d 260 (1980); *In re Estate of Smith*, 442 Pa. 249, 275 A.2d 323 (1971).

priate to determine rights in anticipation of events that may never occur, but is appropriate where there is imminent and inevitable litigation. *Id.* Section 7537 of the Declaratory Judgments Act, 42 Pa.C.S. 7537, provides:

> The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding, . . .

■ It is a fundamental principle of law that a party seeking judicial resolution of a controversy in this Commonwealth must establish that he has standing to maintain the action. *D'Amelio v. Blue Cross of Lehigh Valley*, 414 Pa. Superior Ct. 310, 606 A.2d 1215 (1992). As our Supreme Court stated in *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975):

> The core concept, of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution of his challenge.

■ Boyle seeks a declaration that sovereign immunity, if applicable in the underlying litigation, as well as the statutory limitation on damages recoverable, if he receives a verdict against DOT, are violative of his constitutional rights. By his own pleading, Boyle admits that he has not yet received a verdict reduced to final judgment against DOT; thus, the relief he seeks here is not within the purview of immediacy required. Such relief is sought in anticipation of events that may never occur.

In order for Boyle to be adversely affected by the statutes which he alleges are unconstitutional, he must receive a verdict against DOT, then be aggrieved by the statutory limitation on damages. Any of the following events may occur upon completion of the litigation: (1) a verdict is rendered for DOT; (2) a verdict is rendered for Boyle but in an amount less than the statutory cap, in which event Boyle is not affected by the limitation on liability and is not aggrieved. Only if Boyle receives a final judgment against DOT in an amount greater than the statutory cap will he be aggrieved and have standing

to challenge the statutes which affect him so. Accordingly, we will sustain DOT's Preliminary Objections and dismiss Boyle's Petition for Review in the nature of a complaint for declaratory judgment.[7]

## ORDER

AND NOW, this 12th day of November, 1992, the Preliminary Objections of the Department of Transportation are sustained, the Petition for Review in the nature of a complaint for declaratory judgment is dismissed without leave to amend, and the Application for Summary Relief is dismissed as moot.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. I would overrule the Preliminary Objections to Boyle's Petition for Review.

Robert Boyle (Boyle), who is seeking damages for injuries suffered in an automobile accident, is a plaintiff in a civil action against the Commonwealth's Department of Transportation (DOT). In response to DOT's assertions of sovereign immunity[1] and limitation of damages,[2] Boyle filed a Petition for Review in the nature of a Declaratory Judgment Action asking us to determine the constitutionality of the statutes as applied to a situation where the Commonwealth agency would be completely indemnified pursuant to contractual agreement. I disagree with the majority's position that Boyle lacks standing and believe that DOT's preliminary objections should be overruled.

The majority converts DOT's preliminary objection to lack of a final appealable order in the underlying action to a standing issue, cites our recent decision in *Pennsylvania Turnpike Commission v. Hafer*, 142 Pa.Commonwealth Ct. 502, 597 A.2d 754 (1991) and concludes that Boyle's interest is not sufficiently immediate for declaratory relief.

7. By reason of the foregoing, we need not address the other issues raised by Boyle regarding the constitutionality of the relevant statutes.

1. *See* 42 Pa.C.S. § 8522(b).

2. *See* 42 Pa.C.S. § 8528.

However, the cases cited by the majority do not stand for the proposition that Boyle must have a verdict reduced to final judgment before he can seek declaratory relief. In *Pennsylvania Turnpike,* declaratory judgment was inappropriate because the audit report at issue was not a document within the meaning of the Declaratory Judgments Act [3] because the Auditor General could not require the Turnpike Commission to accept her findings and recommendations and because there was neither imminent nor inevitable litigation. I do not believe that our statement in *Pennsylvania Turnpike* that "[a] declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur but is appropriate where there is imminent and inevitable litigation" [4] applies to Boyle's litigation which is not only imminent but in process.

Furthermore, the majority's analysis of standing suggests that *William.Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975) and *D'Amelio v. Blue Cross of Lehigh Valley,* 414 Pa. Superior Ct. 310, 606 A.2d 1215 (1992) are applicable as if they had been decided under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541. Because *William Penn* (in which our Supreme Court enunciated the requirements of standing and found that the operators of parking lots and "parking taxpayers" had standing to contest a municipal ordinance which imposed a tax on patrons of non-residential parking) and *D'Amelio* (involving standing in the context of a class action) are not declaratory judgment cases and do not stand for the proposition that one must have a final judgment before one can bring a declaratory action, I do not agree that they are relevant.

I would follow the precedent established by our cases which have overruled Preliminary Objections to Petitions for Review in similar situations involving challenge to the constitutionality of an act where there has been no final judgment. In *Lewin v. Commonwealth, State Board of Medicine,* 112 Pa.Commonwealth Ct. 109, 535 A.2d 243 (1987), a psychiatrist whose license had been temporarily suspended filed a Petition for

3. 42 Pa.C.S. § 7533.

4. *Id.* at 506, 597 A.2d at 756.

Review seeking a declaration that the portion of the Medical Practice Act[5] involving temporary suspension of a license was unconstitutional. We overruled Preliminary Objections of the State Board of Medicine to the Petition for Review, stating:

We turn to the Board's Preliminary Objection in the nature of a demurrer, guided by the tenet that we cannot sustain such objection unless the law says with certainty that no recovery is possible. *Goodheart v. Thornburgh,* 104 Pa.Commonwealth Ct. 385, 522 A.2d 125 (1987). If any theory of law will support the claim raised by the petition, a dismissal is improper.

*Id.* at 114, 535 A.2d at 245.

In *Goodheart v. Thornburgh,* 104 Pa.Commonwealth Ct. 385, 522 A.2d 125 (1987), we overruled Preliminary Objections of the State Employees' Retirement Board to a Petition for Review asking us to declare unconstitutional certain portions of the State Employees' Retirement Code of 1974.[6] Thus, we have overruled preliminary objections to actions for declaratory relief in other situations where there has been no final judgment and where the constitutionality of a statute has been challenged.

In addition, I find that the majority's conclusion that Boyle's interest lacks the immediacy required for standing because Boyle "has not yet received a verdict reduced to final judgment against DOT" (at 434) is inconsistent with our decisions in *Lewin* and in *Goodheart.* I believe that Boyle does have standing and that the issue is " *'whether it is clear* and free from doubt from the facts pleaded *that the pleader will be unable to prove facts legally sufficient to establish his right to relief.'* " *Goodheart,* 104 Pa.Commonwealth Ct. at 390, 522 A.2d at 127 (quoting *Firing v. Kephart,* 466 Pa. 560, 563–64, 353 A.2d 833, 835 (1976) and adding emphasis). The facts pled in this case do not lead me to conclude that Boyle will be unable to prove facts sufficient to entitle him to relief. I

**5.** Section 40(a) of the Medical Practice Act, Act of December 20, 1985, P.L. 457, 63 P.S. § 422.40(a) (providing for the temporary suspension of a medical license).

**6.** 71 Pa.C.S. § 5101–5956.

would, therefore, resolve the preliminary objections against the objecting party.

Accordingly, I would overrule DOT's Preliminary Objections and grant Boyle's Petition for Review.