ROBBINS *v.* EVENING NEWS ASSOCIATION.

1. LIBEL AND SLANDER—INNUENDOES—SPECIAL DAMAGES.

Libel per se must be shown in order to recover, where plaintiff does not allege any innuendoes or plead any special damages as result of editorial in defendant's newspaper.

2. SAME—CRITICISM OF CANDIDATE FOR PUBLIC OFFICE.

A candidate for public office deliberately places his conduct, character, or utterances for public discussion, consideration, and criticism and a wide liberty is accorded as long as there is an honest regard for the truth, since such freedom of the press is guaranteed for the protection of the liberties and proper enlightenment of the people.

3. SAME—CANDIDATES FOR PUBLIC OFFICE—NEWSPAPER CRITICISM—PLEADING—SUMMARY JUDGMENT.

Newspaper editorial a few days before a general election wherein plaintiff's opponent was not derogated for re-election and plaintiff was characterized as one who represented a group *which had complained that the president had made socialism respectable held,* not libel per se, hence, summary judgment was properly granted to defendant, plaintiff not having pleaded any innuendoes or special damages.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted May 7, 1964. (Calendar No. 67, Docket No. 50,508.) Decided October 5, 1964.

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Libel and Slander § 241.
[2, 3] 33 Am Jur Libel and Slander § 82; 39 Am Jur, Newspapers § 29 *et seq.*
Libel and Slander: actionability of statement imputing incapacity, inefficiency, misconduct, fraud, dishonesty, or the like to public officer or employee. 53 ALR2d 8.

Complaint by Robert J. Robbins against the Evening News Association, a Michigan corporation, the Detroit News, and Martin S. Hayden for libel. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Jesse H. Butler,* for plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy (Rockwell T. Gust, Jr.,* and *Joseph Pawl,* of counsel) for defendants.

Kelly, J. Plaintiff alleges that defendants, libeled him a few days before the 1960 general election by publishing on the editorial page of the Detroit News the following:

"Every time John D. Dingell, Democratic incumbent, gets re-elected we keep hoping he will live up to his potential for better service. Maybe, if re-elected, he will this time. In any event we cannot indorse his opponent, Robert J. Robbins, a Republican who represents the thinking of the ultra old guard group which complains that President Eisenhower has made socialism respectable."

The trial judge granted defendants' motion for a summary judgment, and the only question that must be decided by this Court is whether, accepting all well-pleaded facts as being true, the article so published is capable in law of a defamatory meaning. Plaintiff has not alleged any innuendoes nor pleaded any special damages, and so must thereby contend that this is a case of libel per se. See 33 Am Jur, Libel and Slander, § 5, pp 39–41.

The wide latitude given to a writer or speaker in expressing opinions in regard to one who becomes a candidate for public office has been recognized in this State for many years, as is evidenced by the

following from *Belknap* v. *Ball,* 83 Mich 583, 588 (11 LRA 72, 21 Am St Rep 622):

"Criticism is a discussion, or, as applicable in libel cases, a censure, of the conduct or character or utterances of the person criticised. When one becomes a candidate for public office he thereby deliberately places these before the public for their discussion and consideration. They may be criticised according to the taste of the writer or speaker, and the law will protect them in so doing, provided that in their statements of or reference to the facts upon which their criticisms are based they observe an honest regard for the truth. In such a discussion the law gives a wide liberty. Within this limit public journals, speakers upon the hustings, and private individuals may express opinions, and indulge in criticisms upon the character or habits or mental and moral qualifications of official candidates. Cooley, Torts, p 217. This is the freedom of the press guaranteed by the Constitution, a freedom necessary for the protection of the liberties and the proper enlightenment of the people."

This wide latitude was again expressed by this Court in *Smurthwaite* v. *News Publishing Co.,* 124 Mich 377, 384, as follows:

"These publications were discussions of the matters involved in the election, and of the fitness of the candidates for the offices for which they sought election. A good deal of latitude must be allowed to newspapers and individuals in discussions of this character. The rule is so fully stated in recent cases that we content ourselves with calling attention to them. *Belknap* v. *Ball,* 83 Mich 583 (11 LRA 72, 21 Am St Rep 622); *Dunneback* v. *Tribune Printing Co.,* 108 Mich 75; *Eikhoff* v. *Gilbert,* 124 Mich 353 (51 LRA 451)."

Applying and readopting the above-mentioned decisions of this Court, we conclude that the trial

court properly granted defendants' motion for summary judgment.

. Affirmed.   Costs to appellees.

KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.