## Kurelko v. Sharon Herald Company

*Andrew P. Kurelko,* in propria persona.
*William C. Kuhn,* for defendants.

FRAMPTON, *J.,* February 21, 1990 — Currently before the court for disposition is defendant's preliminary objection in the nature of a demurrer to plaintiff's complaint. Defendant alleges in his demurrer that plaintiff's complaint fails to set forth any cause of action and that plaintiff's complaint fails to state a cause of action against defendants and that plaintiff's complaint alleges insufficient facts from which any liability on the part of defendants may be found.

On Friday, November 3, 1989, prior to the November 7, 1989, general election, the *Herald,* a daily newspaper of general circulation owned by the Sharon Herald Company, a division of Ottaway Newspapers Inc., published an election guide as a part of its daily paper which summarized certain basic information with respect to all the candidates on the ballot for public office in Mercer County, Pennsylvania. There were two candidates for the office of mayor of the City of Sharon: Robert T. Price, the incumbent candidate, and plaintiff, Andrew P. Kurelko.

The statement which gives rise to this action is contained on page 19 of the *Herald* and stated, "Long-time Sharon mayor, Robert T. Price, has a Republican opponent this year. Political hopeful, Andrew P. Kurelko, switched party affiliation to make certain that he would be included on the general election ballot for mayor." In paragraph 5 of plaintiff's complaint he alleges that the segment of the statement which states, "switched party affiliation to make certain that he would be included on the general election ballot for mayor" was erroneous

and published knowingly, willingly, and with malice aforethought by defendants.

## DISCUSSION

A preliminary objection in the nature of a demurrer should be sustained only in cases where the facts clearly and without a doubt fail to state a claim under any theory of law for which relief may be granted. *Allegheny County v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985). Additionally, clearly pleaded material, factual averments and all inferences fairly deducible therefrom are considered to be true. *Abarbanel v. Weber,* 340 Pa. Super. 473, 479, 490 A.2d 877, 880 (1985). Finally, any doubts about sustaining a preliminary objection should be resolved against the objecting party. *Goodheart v. Thornburgh,* 104 Pa. Commw. 385, 522 A.2d 125 (1987).

In ruling on preliminary objections in a defamation case the court must first determine whether the communication complained of can be construed as having the defamatory meaning ascribed to it by the complaining party. *Baker v. Lafayette College,* 516 Pa. 291, 532 A.2d 399 (1987); *Veno v. Meredith,* 357 Pa. Super. 85, 515 A.2d 571 (1986). In reaching such a conclusion the court must view the statements in context. *Id.*; citing *Thomas Merton Center v. Rockwell International Corporation,* 497 Pa. 460, 442 A.2d 231 (1981), cert. denied 457 U.S. 1134 (1982). In determining whether a communication has a defamatory meaning the court must "determine whether the statement was maliciously written or published and tended to blacken a person's reputation or to expose him to public hatred, contempt, or ridicule, or to injure him in his business or profession." *Id. Corabi v. Curtis Publishing Company,* 441 Pa. 432, 441, 273 A.2d 899, 904 (1971). The test to be applied in eval-

uating any statement is the effect the article is fairly calculated to produce and the impressions it would naturally engender, in the minds of the average persons among whom it is intended to be circulated. *Id.* In addition, the courts recognize that a communication is defamatory which ascribes to another conduct, character, or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession. *Gordon v. Lancaster Osteopathic Hospital Association,* 340 Pa. Super. 253, 489 A.2d 1364 (1985). Finally, if the court determines that the statement is capable of defamatory meaning, it is for the jury to determine whether it was so understood by the recipient. *Veno v. Meredith,* 357 Pa. Super. at 92, 515 A.2d at 575.

In the present case, it is necessary under the law as previously stated for the court to determine whether or not the statement complained of by the plaintiff has a defamatory meaning. If the court finds that the statement complained of by the plaintiff has a defamatory meaning then the defendant's preliminary objections in the nature of a demurrer must be denied and the case will proceed and the jury will determine whether or not the statements complained of by the plaintiff were understood by the recipients in a defamatory context. In the present case the statement complained of by the plaintiff is that he "switched party affiliation to make certain he would be included on the general election ballot for mayor." In order to determine whether such a statement concerning a political candidate is defamatory it is helpful for this court to look at examples of other statements in this commonwealth and other states which were construed by courts not to have defamatory meaning.

In *Clark v. Allen,* 415 Pa. 484, 204 A.2d 42 (1964), the court found that a sentence contained in a letter

circulated to several persons which read, "we are shocked at Joe Clark's record on Senate absenteeism and his ADA-approved voting record with its communist tendencies" was not libelous and did not have a defamatory meaning and therefore the complaint filed by the plaintiff based on this statement was dismissed. Of particular relevance to this case, in *Cabrey v. Cameron,* 55 D.&C. 127 (1945), a statement in a letter that the plaintiff, a former magistrate and candidate for that office, was a "turncoat" to his party was determined not to be libelous.

Examples from several other states are illustrative in helping the court to determine whether the statement in the present case has a defamatory meaning and is therefore libelous. In *Rustgard v. Troy,* 6 Alaska 338 (1921), the court held that an article stating that the plaintiff, a candidate for attorney general, was not the candidate of the Republican party, but of some other party or faction could not be held to be grave or serious enough to be deemed libelous. Also, in *Robbins v. Evening News Association,* 373 Mich. 589 (1964), the court held that a statement in the newspaper which read that the plaintiff represented thinking of the ultra-old-guard group which complained that President Eisenhower had made socialism reprehensible was held not to be defamatory. In addition, the court noted that wide latitude is given to a writer or speaker in expressing opinions with regard to one who becomes a candidate for public office. *Id.* The court also recognized the rule that when one becomes a candidate for public office he deliberately places his conduct or character before the public for their discussion and consideration and that within the limits that the statement must be made with an honest regard for the truth, speakers may indulge in

criticism on the character, habits, mental or moral qualifications of official candidates.

Based on these examples from Pennsylvania and other states we now turn to the consideration of whether the statement made by the *Herald* that plaintiff "switched party affiliation to make certain he would be included on the general election ballot for mayor" has a defamatory meaning in the present case.

Although the statement in the present case may be erroneous and may be offensive to plaintiff we find that it does not meet the definition of defamation as enunciated by our Supreme Court. The test for defamatory meaning is not whether the statement was erroneous, annoying, embarrassing or even insulting, the test is whether the statement was maliciously written or published and tended to blacken a person's reputation or to expose him to public hatred, contempt or ridicule or to injure him in his business or profession. *Baker v. Lafayette College,* 516 Pa. at 296, 532 A.2d at 402. Although we sympathize with plaintiff in the present case and understand that the statement made in the *Herald* was most likely erroneous, offensive and embarrassing to plaintiff personally, the law does not recognize a cause of action in defamation based on such a statement which produces such result. In addition, in light of the fact that plaintiff was a candidate for political office, and opened himself up to public criticism and scrutiny by running for such a political office, the court finds as a matter of law that the statement contained in the *Herald* on November 3, 1989, and set forth in plaintiff's complaint at paragraph no. 5 does not have a defamatory meaning.

## ORDER

And now, February 21, 1990, defendant's preliminary objection in the nature of a demurrer is hereby granted and plaintiff's complaint is dismissed.