**Treski v. Kemper National Insurance**

*Jay S. Cohen* and *Scott J. Tredwell,* for defendant Kemper National Insurance.

*John P. O'Dea* and *James T. Nyeste,* for defendant CNA Insurance Co.

RUFE, W., *J.,* August 11, 1995—Plaintiffs have filed suit against defendants, alleging violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. §2013, and negligent misrepresentation with regard to "full tort" insurance purchased by the plaintiffs and the extent of coverage those policies provide for accidents that occur in New Jersey. The defendants are Kemper National Insurance Companies, d/b/a American Motorists Insurance Company, CNA Insurance Companies, d/b/a Continental Casualty Company, and General Accident Company of America. All three defendants have filed preliminary objections to plaintiffs' amended complaint, and the disposition of those objections is the subject of this opinion.

Briefly, the facts of the case are as follows. The plaintiffs are three married couples, residents of Pennsylvania, who purchased automobile insurance from the defendants: the Treskis purchased from Kemper; the Tracys purchased from Continental; and the Schneiders purchased from General. Each of the three defendants is licensed to sell automobile insurance in Pennsylvania, New Jersey, and many other states.

The insurance policies purchased by the plaintiffs were issued in Pennsylvania but provide coverage nationwide. When they purchased their insurance, the plaintiffs made the election mandated by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., at section 1705, and selected the "full tort" option, which preserved for them the right to seek a full recovery from a tort-feasor for all of their tort damages, including non-economic damages such as pain and suffering. Under the "limited tort"

option, insureds give up their right to seek damages from a tort-feasor for pain and suffering or other non-monetary damages; in other words, their recovery would be limited to their medical and out-of-pocket expenses, except in the case of certain "serious injuries" as defined by statute.

Pennsylvania law requires automobile insurers, when issuing policies in this state, to offer these alternatives, for different rates, and the insured has the right to make the election. Pennsylvania law specifies verbatim the language to be used by the insurer in giving notice to the insured of his right to make the election. In the event that the insured fails to make an election between the two options, he is presumed to have elected the "full tort" option. (75 Pa.C.S. §1705(a)(3).)

The situation is reversed in New Jersey. In New Jersey, insureds are offered an election between the "basic tort" option (sometimes called the "verbal threshold" option), which is analogous to Pennsylvania's "limited tort" option, and a "full tort" option like Pennsylvania's "full tort" option. An insured selecting the New Jersey "basic tort" or "verbal threshold" option gives up his right to sue for non-economic damages except for serious injuries meeting the verbal description in the statute (the so-called "verbal threshold"). However, the significant difference with the New Jersey statute is that an insured who fails to make an election between the two tort options is presumed to have elected the "basic tort" or "verbal threshold" option. This "default" selection is the opposite of Pennsylvania's "default" choice. (N.J. Stat. Ann. §39:6A-8.)

In addition, New Jersey has another statutory provision which has a major effect on non-residents who are insured by companies licensed to issue automobile insurance in both New Jersey and their home state.

In particular, the statute provides that such non-resident insureds (*i.e.,* who are insured by companies licensed in New Jersey and in their home state) are deemed to have elected the New Jersey "basic tort" or "verbal threshold" option for injuries suffered in New Jersey, thereby limiting their tort recovery to economic losses, except in cases involving certain serious injuries. (N.J. Stat. Ann. §17:28-1.4, the "deemer" statute.) Thus, the non-resident insured who sustains an injury less serious than the "verbal threshold" in an automobile accident in New Jersey is limited in his tort recovery to his economic losses despite what the law of his home state might provide. This means that a Pennsylvania resident injured in New Jersey and insured by a company licensed in both states, who is unable to meet the New Jersey "verbal threshold" cannot sue his tort-feasor for pain and suffering despite his election of the Pennsylvania "full tort" option. On the other hand, a Pennsylvania resident who is injured in New Jersey but is insured by a company that does not write policies in New Jersey is able to collect full tort benefits from its insurer.

Plaintiffs state that they are suing not because they elected full tort coverage, but because they bought inferior "full tort coverage" from defendants and defendant class instead of true full tort coverage from companies not licensed in New Jersey ("Pennsylvania-only" companies). The plaintiffs claim that they have suffered damage because they paid higher premiums for the Pennsylvania "full tort" option under the defendants' policies without knowing that, for potential New Jersey accidents, their tort recoveries might be limited. The plaintiffs argue that the defendant insurers should have advised them about New Jersey's "deemer" statute. They contend that the defendants should have explained to them how the "deemer" statute prevails over Penn-

sylvania's "full tort" option when the accident is in New Jersey, and that the effect of the "deemer" statute can be avoided by purchasing insurance from Pennsylvania-only companies. Plaintiffs claim that the tort option notice that they received from the defendants (which is specified by Pennsylvania statute) is misleading because it does not take into account the New Jersey "deemer" statute.

Count I of the complaint is based on violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq. Plaintiffs seek: (1) damages based on the misrepresentations and omissions of defendants; (2) declaratory judgment and an injunction that defendants be enjoined to advise plaintiffs as to the effect and nature of the New Jersey "deemer" statute as it applies to the "full tort" option; and (3) retroactive refunds on the premium differential if plaintiffs change their tort option or obtain insurance from Pennsylvania-only companies.

Count II of the complaint is based on negligent misrepresentation. It alleges that the defendants induced plaintiffs to buy insurance from them without telling plaintiffs of the effect to the New Jersey "deemer" statute, and seeks damages for said misrepresentations and omissions.

Defendants have raised preliminary objections to plaintiffs' amended complaint. Rather than discuss all of the numerous objections, we will address two in particular that are fatal to plaintiffs' case. The first is that this court has no jurisdiction because the plaintiffs lack standing and the action is not ripe; the second is a demurrer on the basis that defendants had no legal duty to advise plaintiffs of the effects of the New Jersey statute. What follows is a review of these two objections and our reasons for sustaining them.

Defendants contend that this court has no jurisdiction due to lack of standing and ripeness. Defendants argue that plaintiffs' claims are premised on the supposition that their Pennsylvania "full tort" insurance policies have been made less valuable because the New Jersey "deemer" statute will deprive them of a full tort recovery for injuries suffered in New Jersey accidents, but that none of the plaintiffs has yet been affected by the "deemer" statute. Defendants state that the Treski and Schneider plaintiffs have not been involved in any New Jersey accident, so the New Jersey "deemer" statute is only a hypothetical concern to them. As for the Tracy plaintiffs, defendants argue that no harm has yet been suffered by reason of the "deemer" statute because Patricia Tracy's tort action arising from her New Jersey accident has not yet been resolved. If her injuries meet New Jersey's "verbal threshold," the "deemer" statute will not limit her tort recovery. Defendants argue that none of the plaintiffs are "aggrieved" parties.

Plaintiffs, of course, disagree. Plaintiffs' position is that the rights of the plaintiffs and the plaintiff class were violated at the time of the execution of their insurance contracts which misrepresented the nature of their full tort coverage. Plaintiffs state that they are not asking this court to decide their future rights based on future events, but to rectify misrepresentations and omissions of material fact made in the past which damages plaintiffs and plaintiff class in the past and currently.

The threshold question is whether the plaintiffs have standing to bring the suit. The Superior Court, in discussing standing, has stated the following:

"A party seeking judicial resolution of a controversy in this Commonwealth must establish that he has standing to maintain the action. 'The core concept, of course, is that a person who is not adversely affected in any

way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution of his challenge.' *William Penn Parking Garage Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 280 (1975). The requirement that a party must be 'aggrieved' is also applicable to class actions. *Nye v. Erie Insurance Exchange,* 504 Pa. 3, 6, 470 A.2d 98, 100 (1985)." *D'Amelio v. Blue Cross of Lehigh Valley,* 414 Pa. Super. 310, 314, 606 A.2d 1215, 1217 (1992).

We believe, after reviewing plaintiffs' amended complaint, that the plaintiffs do not have standing. The Treski and Schneider plaintiffs have not actually been affected by any alleged difference in their insurance coverage, as they have not been involved in any car accidents in New Jersey. As for the Tracy plaintiffs, that case has not yet been resolved. Moreover, if her injuries meet New Jersey's "verbal threshold," the "deemer" statute will not limit her recovery. Thus, none of the plaintiffs are "aggrieved parties."

Nor is the case ripe, as plaintiffs are asking this court to determine their rights in a situation which may never occur: the application of the New Jersey "deemer" statute to their insurance contract. We therefore agree with defendants that plaintiffs' complaint should be dismissed due to lack of standing and ripeness.

Defendants also argue that they had no duty to counsel the plaintiffs as to the New Jersey "deemer" statute. Defendants claim that despite plaintiffs' allegations, this case does not involve any misstatements or affirmative misrepresentations by the defendants, because they said precisely what the Pennsylvania legislature required them to say and nothing more. Defendants argue that, as a matter of law, they had no duty to advise the plaintiffs of New Jersey's "deemer" statute. They further

state that, under Pennsylvania law, absent special facts such as fraud, there is no duty on the part of an insurance company to provide any advice whatsoever.

Plaintiffs counter that defendants had no privilege to make material misrepresentations and omissions concerning the "full tort" coverage offered to plaintiffs. They argue there is no question that plaintiffs and plaintiff class reasonably expected to have full tort protection as described in their insurance policies, and that an insurance company has a duty to perform what it has undertaken. Plaintiffs claim that where the insurance companies do business on "both sides of the fence" and know precisely how their policies and practices preclude the implementation of the "full tort" coverage they have sold, this fact alone creates the special circumstance giving rise to a duty.

Again, we disagree. Defendants completely complied with the requirements of Pennsylvania law. The Pennsylvania statutes, 75 Pa.C.S. §§1705(a) and 1791.1(b) spell out exactly what information an insurer must supply to an insured. There is no question that defendants provided the information established by the statutes. Further, the law does not impose a duty on plaintiffs to counsel insureds as to the effects of the laws of other states on their insurance policy. Defendants therefore had no obligation to explain the effect of New Jersey's or any other state's laws upon the Pennsylvania insurance contracts. Defendants cannot be faulted for not doing what was not required. If plaintiffs believe the statutes are incorrect, or unjust, the appropriate forum to change those laws is the Pennsylvania legislature, not the courts. We cannot find liability where no duty existed.

For these above reasons, we sustain defendants' preliminary objections and dismiss plaintiffs' amended complaint.

## ORDER

And now, August 11, 1995, upon consideration of the preliminary objections of defendants to the amended complaint of plaintiffs, plaintiffs' response thereto, and memoranda of counsel, it is hereby ordered and decreed that the preliminary objections are sustained and plaintiffs' amended complaint is dismissed with prejudice.

## SUPPLEMENT TO OPINION

September 25, 1995—Plaintiffs have filed a motion for reconsideration on the basis that we relied on erroneous facts in making our decision. Plaintiffs admit that the facts we relied upon are consistent with the facts alleged in the amended complaint, but contend they were not accurate at the time our decision was issued. Specifically, plaintiffs state we were in error in stating that only plaintiff Patricia Tracy had been in a car accident in New Jersey, when in fact all of the parties have been. Yet plaintiffs never alleged that the other plaintiffs were in New Jersey auto accidents. Indeed, defendants made the same assumptions (see for example, page 6 of the reply memorandum of defendant, Continental Casualty Company, who makes the argument that the action is not ripe for the other plaintiffs because they had not been involved in accidents). Plaintiffs complain that we should have decided the case on the way the facts stood at the time of the decision, not as how they were pleaded in the record. However, we were only aware of and may only consider the facts as they appeared in the record.

Although the "updated" facts change the way we would have written the opinion, they do not change our decision. In their amended complaint, plaintiffs presented William and Josephine Schneider and Alan and

Amy Treski as representatives of a proposed class of persons who had merely purchased insurance from the named defendants and the proposed defendant class, and Patricia and Joseph Tracy as representatives of a proposed subclass of persons who had actually had car accidents in New Jersey. Plaintiffs' position is that the rights of the proposed plaintiff class were violated at the time of the execution of their insurance contracts which misrepresented the nature of their full tort coverage, regardless of whether any member of the plaintiff class was ever in a car accident in New Jersey. We disagreed with that argument on the basis that defendants had no duty to explain the effect of the New Jersey deemer statute to plaintiffs, and without any such duty there can be no violation of their rights.

In addition, we reasoned that for those plaintiffs who were not involved in New Jersey accidents this action was not ripe, as any injury due to the alleged misrepresentation was purely speculative as those plaintiffs might never be involved in a New Jersey accident. We are now informed that all the named plaintiffs have been in New Jersey accidents. While this changes the ripeness argument as to those named plaintiffs, it does not change it for the proposed class, which was to be all persons who had merely *purchased* insurance from the defendants or defendant class. For the proposed plaintiff class, there is still no duty to advise on the part of defendants, nor could any action be ripe for those who have not been in any New Jersey accidents.

We therefore take note of the fact that, contrary to the facts as stated by plaintiffs in their amended complaint and as stated in our opinion, that the Schneider plaintiffs and Amy Treski have been involved in auto accidents in New Jersey. Further, plaintiff Patricia Tracy's suit, which we believed was still pending at

the time of our opinion, had in fact settled for $15,000. However, none of these changed facts alter our decision to dismiss plaintiffs' amended complaint. Again, we reiterate our belief that defendants complied with the law as it now stands, and that if plaintiffs are unhappy with that result they should seek a change of the law in the Pennsylvania Legislature. We therefore decline to withdraw our order of August 11, 1995.