631 A.2d 665

**Thomas JONES and Emma Jones, Appellants,**

v.

**GENERAL MOTORS CORPORATION.**

Superior Court of Pennsylvania.

Argued May 12, 1993.

Filed Sept. 20, 1993.

George F. Douglas, Jr., Carlisle, for appellants.

Maureen A. Kane, Philadelphia, for appellee.

Before POPOVICH, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge.

This is an appeal from an order granting summary judgment in favor of appellee, General Motors Corporation. Appellants, Thomas Jones and Emma Jones, present the following question for our review:

Can there be a product liability cause of action under Section 402A of the Restatement of Torts, 2d, for fire damage to the vehicle itself, allegedly caused by a defect in the design or manufacture of the said vehicle?

Appellants' Brief at 2. For the reasons set forth below, we affirm.

Preliminarily, we point out that a motion for summary judgment is properly granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). In reviewing a motion for summary judgment, the trial court "must examine the record in the light most favorable to the non-moving party." *Laventhol & Horwath v. Dependable Ins. Associates, Inc.*, 396 Pa.Super. 553, 558, 579 A.2d 388, 390 (1990), *appeal denied*, 527 Pa. 648, 593 A.2d 420 (1991).

Applying this standard of review, the relevant facts are as follows. In 1986, appellants purchased a new Chevrolet pickup truck which was manufactured in part, sold and/or supplied

by appellee. On the morning of June 22, 1991, Thomas Jones drove his pick-up truck from his home in Wapwallopen, Luzerne County, to the parking lot of the Ames Department Store located in Columbia County. While Thomas Jones was inside the department store, a malfunction in the truck caused the vehicle to catch fire. The fire resulted in the destruction of appellants' pickup truck.

On December 11, 1991, appellants filed a complaint against appellee seeking $7,976.95 in damages for the loss of their pick-up truck.[1] On October 1, 1992, appellee filed a motion for summary judgment alleging that appellants failed to state a claim upon which relief could be granted. The trial court subsequently granted appellee's motion for summary judgment in its November 13, 1992 order. This timely appeal followed.

Appellants contend that as they sufficiently stated a cause of action for relief in strict liability, the trial court erred in granting summary judgment. We disagree.

In *REM Coal Co., Inc. v. Clark Equipment Co.*, 386 Pa.Super. 401, 563 A.2d 128 (1989), this Court held that negligence and strict liability theories do not apply to disputes involving a product that malfunctions where the only resulting damage is to the product itself. *Id.* at 412–13, 563 A.2d at 134. In the instant action, appellants have made no allegations of damage outside of the loss of the truck itself. Appellants properly point out, however, that the *REM Coal* decision was limited to disputes between commercial enterprises. Here, the dispute is between a commercial enterprise, appellee, and two individuals, appellants. Nonetheless, we find that the rationale behind *REM Coal* is equally applicable to disputes involving claims brought by individuals.

We first note that in limiting its holding to disputes between commercial enterprises, the *REM Coal* Court did not conclude that its analysis was inapplicable to disputes involving non-commercial parties. Rather, the Court was simply restricting

1. Appellants eventually reduced their claim to $6,018.95 as a result of the $1,958.00 they received for the remains of the pickup truck.

itself to the question before it. *See id.* at 413, 563 A.2d at 134 n. 4 ("Since the case *sub judice* involves a dispute between commercial enterprises, we need not decide any questions regarding disputes between non-commercial parties.").

In reaching its decision that damage to a manufacturer's product alone is not sufficient to state a cause of action in negligence or strict liability, the *REM Coal* Court provided the following rationale:

> Pennsylvania's breach of warranty law supplies a suitable framework for regulating and enforcing the expectations and obligations of the parties as to product enforcement. It provides a disappointed purchaser a complete remedy for loss of the product itself and of its use within the limits of the parties' contractual understandings. To impose tort liability in addition would certainly erode the important distinctions between tort and contractual theories including their differing objectives.

*REM Coal* at 411, 563 A.2d at 133 (citation omitted).

The same concerns are present in the instant case. Regardless of whether a consumer is a commercial entity or an individual, a manufacturer's warranty as to the quality of its product is a bargained for condition of sale, the effect of which must not be undermined. If a consumer were entitled to bring an action under both contract and tort law where the only damage alleged is to the product, any limitation of the manufacturer's liability pursuant to the warranty would have little or no effect. As the *REM Coal* Court stated, such a deleterious result can easily be avoided by limiting consumers in those situations to the remedies available under contract law.

As appellants have made no allegations of damage outside of the loss of the truck, they have failed to state a cause of action in strict liability. Accordingly, we affirm the trial court's order.

Order affirmed.