**Fishbein v. Corel Corp.**

*Steven E. Angstreich, Michael Coren, Charles J. Ax Jr.* and *Charles J. Piven,* for plaintiff.
*Claude M. Stern, Hugh A. Benson* and *Joseph C. Crawford,* for defendant.

WOELFEL, *J.,* March 21, 1996—Plaintiff Fishbein has filed a class action complaint alleging that graphic design computer software designed and released by de-

fendant Corel was defective. The specific computer software programs are designated as "CorelDRAW! 4", "CorelDRAW! 5", and "CorelDRAW! 6 version .112. The complaint alleges causes of action against the defendant for each computer program sounding in negligence, breach of express and implied warranties, fraud, and negligent misrepresentation. Plaintiff also requests declaratory relief rendering the software's limited warranty unenforceable, as well as the issuance of an injunction to prevent defendant from asserting any legal defenses pursuant to the limited warranty. Finally, plaintiff claims violations of Pennsylvania's Unfair Trade Practices Act[1] and similar federal consumer protection statutes. Corel has filed preliminary objections seeking dismissal of several counts and more specificity as to other counts.

Corel has raised Fishbein's failure to join an alleged necessary party pursuant to Pa.R.C.P. no. 1028(a)(5). Defendant contends that plaintiff must be required to join Corel Corporation Limited (CCL), which according to the affidavit of Charles A. Norris (Corel's chief financial officer), is the exclusive manufacturer, distributor, and sublicensor of CorelDRAW! products since August 28, 1993.[2] Defendant Corel takes the position that it was CCL which issued warranties and disclaimers for CorelDRAW! 4 and subsequent versions of the software. A copy of the purported warranty and disclaimer is designated exhibit "1" and is attached to the affidavit of Charles A. Norris filed in support of Corel's preliminary objections. Plaintiff counters this declaration

---

1. 73 P.S. §201-1 et seq.

2. Paragraph 2 of the amended complaint avers that "plaintiff purchased CorelDRAW! 4 on or about August 28, 1993 and CorelDRAW! 5 on or about November 14, 1994."

by directing the court to financial reports which refer to CCL as a subsidiary of defendant Corel.

In support of its demand for the joinder of CCL as an indispensable party, Corel cites section 7540(a) of the Declaratory Judgment Act:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of the persons not parties to the proceeding. . . ."

In *CRY Inc. v. Mill Service Inc.*, 536 Pa. 462, 640 A.2d 372 (1994), the Supreme Court explained the standard for determining the indispensability of a party:

"In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *Id.* at 468, 640 A.2d at 375 citing *Scherbick v. Community College of Allegheny County,* 479 Pa. 216, 220, 387 A.2d 1301, 1303 (1978).

The indispensable party rule requires that "a court should not adjudicate a case if an absentee was so closely related to the matters in dispute that further litigation would probably be required to define the position of the absentee or to protect the defendant." *Action Coalition v. Allegheny County Institution District,* 493 Pa. 302, 311, 426 A.2d 560, 564 (plurality) (1981). The appropriate analysis has also been explained as follows:

"(1) Do absent parties have a right or interest related to the claim?

"(2) If so, what is the nature of that right or interest?

"(3) Is that right or interest essential to the merits of the issue?

"(4) Can justice be afforded without violating the due process right of absent parties?" *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 956 (1981).

Plaintiff argues that the limited warranty accompanying the computer software must be declared unenforceable and that plaintiff is not limited to the legal relief listed in the warranty. If CCL is in fact the entity which extended the warranty, then it is CCL's rights which may be affected. We would also note that both parties have submitted different documents purporting to be the warranty operative in this case.

The discussion above makes it obvious that a factual issue has risen in the context of defendant's preliminary objection concerning the identity of the party issuing the warranty. The explanatory "note" following Rule no. 1028 provides: "Preliminary objections raising an issue under subdivision (a)(1), (5) or (6) cannot be determined from facts of record. In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under 1029(d)." "If an issue of fact is raised [in preliminary objections], the court shall consider evidence by depositions or otherwise." Pa.R.C.P. no. 1028(c)(2). As previously stated, "[i]n some contexts, when issues of fact are raised by preliminary objections, the trial court may receive evidence by depositions or otherwise." *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 567, 650 A.2d 895, 899 (1994). Based upon the limited record here, the court cannot properly rule on Corel's request to compel the joinder of CCL. While the parties have filed various affidavits and other documents, they have not proceeded by deposition or court order, and we have no way to

determine the veracity or credibility of the filings. Accordingly, the parties will be directed to submit either deposition transcripts or answers to interrogatories to address this issue.

Corel also asserts that the causes of action directed against CorelDRAW! 6 must be dismissed because plaintiff, having not purchased this software, has not been damaged as a result of his use of this software, and thus lacks standing to bring the causes of action.

"A party seeking judicial resolution of a controversy in this Commonwealth must establish that he has standing to maintain the action. 'The core concept, of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution of his challenge. . . . The requirement that a party must be "aggrieved" is also applicable to class actions.' " *D'Amelio v. Blue Cross of Lehigh Valley,* 414 Pa. Super. 310, 314, 606 A.2d 1215, 1217 (1992). (citations omitted)

Corel asserts that insofar as Fishbein has not acquired CorelDRAW! 6, he cannot bring a claim on behalf of others who have purchased the product. We agree. While plaintiff has alleged that he suffered harm as a consequence of his purchase of CorelDRAW! 4 and CorelDRAW! 5, he has not alleged that he has purchased either version of CorelDRAW! 6. It is difficult to comprehend how he has been damaged by a product he has not purchased. As noted in *Allessandro v. State Farm Mutual Automobile Insurance Co.,* 259 Pa. Super. 571, 393 A.2d 973 (1978), *rev'd on other grounds,* 487 Pa. 274, 409 A.2d 347 (1979), a litigant "cannot litigate the claims of a class of which he is not a member" and "[t]he lack of standing goes to the heart of the jurisdiction of the court to act." *Id.* at 580, 393 A.2d

at 977. (citations omitted) Defendant's second preliminary objection in the form of a motion to dismiss causes of action concerning CorelDRAW! 6 version .112 for lack of standing will be granted.

Corel's third objection to the amended complaint is a demurrer to Counts I, III, IV, V, VII, VIII, IX, XI, and XII, which are claims of negligence, fraud, and negligent misrepresentation. The defendant contends that plaintiff is limited to a cause of action for economic damages based upon a breach of warranty and cannot plead causes of action based on various tort theories. Basically, Corel raises the "economic loss" rule.

"In reviewing a demurrer, the reviewing court must accept the facts and all reasonable inferences drawn therefrom of the party against whom the motion is granted. . . . All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review]. . . . The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. . . . Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Gabel v. Cambruzzi,* 532 Pa. 584, 588, 616 A.2d 1364, 1367 (1992). (citations omitted)

A demurrer does not admit the pleader's conclusions. *Eden Roc Country Club v. Mullhauser,* 416 Pa. 61, 204 A.2d 465 (1964).

In *REM Coal Co. Inc. v. Clark Equipment Co.,* 386 Pa. Super. 401, 563 A.2d 128 (1989), the Superior Court held that negligence and strict liability theories do not apply to disputes involving a product that malfunctions where the only resulting damage is to the product itself. The rationale for this approach was explained as follows:

"Pennsylvania's breach of warranty law supplies a suitable framework for regulating and enforcing the expectations and obligations of the parties as to product enforcement. It provides a disappointed purchaser a complete remedy for loss of the product itself and of its use within the limits of the parties' contractual understandings. . . . To impose tort liability in addition would certainly erode the important distinctions between tort and contractual theories including their differing objectives." *Id.* at 411, 563 A.2d at 133. (citations omitted)

"If a consumer were entitled to bring an action under both contract and tort law where the only damage alleged is to the product, any limitation of the manufacturer's liability pursuant to the warranty would have little or no effect." *Jones v. General Motors Corp.,* 428 Pa. Super. 544, 547, 631 A.2d 665, 666 (1993).

In *New York State Electric and Gas Corp. v. Westinghouse Electric,* 387 Pa. Super. 537, 564 A.2d 919 (1989), the Superior Court explained the significance of the *East River S.S. Corp. v. Transamerica Delaval Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986) decision.

"There, the Supreme Court expressed its concern for maintaining the separate spheres of the law of contract and tort. It emphasized that where an allegedly defective product causes damage only to itself, and other consequential damages resulting from the loss of the use of the product, the law of contract is the proper arena for redressing the harm because in such a case, the damages alleged relate specifically to product quality and value as to which the parties have had the opportunity to negotiate and contract in advance. . . . When the product fails to conform and only economic losses result, the parties' recovery one against the other

for economic losses should be limited to an action on that contract and no additional recovery in negligence or strict liability is permitted." *Id.* at 550-51, 564 A.2d at 925-26.

A recent application of Pennsylvania's economic loss rule occurred in *Eagle Traffic Control v. Addco,* 882 F. Supp. 417 (E.D. Pa. 1995). Therein, the plaintiff, a Pennsylvania corporation engaged in providing safety signs for highway construction projects, purchased flip disk boards and a light emitting diode ("LED") board[3] from defendant. Soon after the purchase, the signs malfunctioned and also consumed more diesel fuel than expected. Eagle brought a federal diversity action against Addco (a Delaware corporation) alleging breach of contract, breach of warranty, negligence, negligent misrepresentation, trade disparagement and a strict liability claim. Addco filed a motion to dismiss the negligence, negligent misrepresentation, strict liability, and trade disparagement claims pursuant to Rule 12(b)(6).[4] Based upon both Pennsylvania and Delaware law, the district court concluded that Eagle's claims for negligence, negligent misrepresentation and strict liability were barred by the economic loss rule. The opinion contains the following language:

"Under the law of . . . Pennsylvania . . ., there is no recovery under the tort theories of negligence, strict

---

3. A flip disk board is a diesel and battery powered sign that displays warnings or instructions to motorists near worksites, and an LED board flashes programmed messages to motorists.

4. In considering a Rule 12(b)(6) motion, the complaint is construed in favor of the pleader. The court accepts as true all factual allegations and reasonable inferences drawn therefrom. A motion to dismiss under the federal rules is granted only if the non-moving party cannot prevail legally under the facts alleged. *Eagle Traffic Control v. Addco,* 882 F. Supp. at 419.

liability or negligent misrepresentation where a product malfunctions because of an alleged defect in the article and causes damage to the product itself and consequential damages in the nature of cost of repair or replacement or lost profits, but the malfunction causes no personal injury or injury to any other property of the plaintiff." *Id.*, 882 F. Supp. at 419. (citations omitted)

The various "damages" allegations set forth throughout the amended complaint constitute variations on the same theme: that plaintiff and the members of the class have been or may be caused to expend substantial sums of money in an effort to correct the problems caused by the software and to make the software usable. (See amended complaint: paragraphs 23, 32, 47, 56, 80.) Plaintiff has not alleged any personal injury or damage to other property. Allegations of computers "crashing" or "locking up" do not plead physical damage to the computers themselves.[5] Thus, defendant's assertion of the economic loss rule is appropriate, thereby limiting plaintiff's recovery to breach of warranty and/or breach of contract claims. As a result, the amended complaint's counts alleging claims sounding in negligence and negligent misrepresentation will be dismissed, thereby

---

5. We would note that in his memorandum plaintiff asserts that as a result of defective software, users were delayed or prevented from doing their work, sustained substantial charges for unusable output from service bureaus, and had hours and days of work destroyed. None of these damages are pleaded; memoranda are not pleadings.

We note that the plaintiff has filed his "memorandum in opposition to defendant's preliminary objections." We hope that the choice of the term "memorandum" was a deliberate one, as the document filed could not have been properly labeled a "brief." We were struck by the 22 pages of "facts" which plaintiff obviously sought to have the court consider. We find that effort to be entirely inappropriate. We trust that such an endeavor will not be repeated.

eliminating Counts I, IV, V, and VIII which are counts sounding in negligence and negligent misrepresentation.[6]

Notably, the Superior Court declined to hold that the economic loss rule would preclude a product liability action based upon fraud. *New York State Electric and Gas, supra* at 551 n.4, 564 A.2d at 926 n.4. Moreover, in *Melvin Spivak v. Berks Ridge Corporation Inc.,* 402 Pa. Super. 73, 78, 586 A.2d 402, 405 (1990), cited by defendant, the Superior Court does not state that the economic loss rule precludes a fraud cause of action. Rather, the Superior Court, while agreeing that the plaintiff's claims were properly based on breach of warranty/contract theories, also examined whether the complaint contained the requisite particularity. In concluding that the fraud averments were deficient, the Superior Court agreed that the fraud counts were properly dismissed by the trial court.

Rather than simply dismiss plaintiff's remaining fraud counts (Counts III and VII) on the basis of the economic loss rule, we will examine whether plaintiff has averred his fraud allegations with the required particularity. Pa.R.C.P. no. 1019(b).

In order to state a cause of action in fraud, a plaintiff must plead the following elements with particularity:

"(1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker to induce the

---

6. We would note that we are addressing preliminary objections to an amended complaint. The original complaint, which contained similar allegations, was subjected to similar preliminary objections. The plaintiff chose to re-plead his causes of action. Thus, he has had two opportunities to properly plead his case. The court will not grant the plaintiff leave to file a second amended complaint on these issues.

recipient thereby; (4) justifiable reliance by the recipient on the misrepresentation; and (5) damage to the recipient as a proximate result of the misrepresentation." *Bash v. Bell Telephone Co. of Pa.,* 411 Pa. Super. 347, 358-59, 601 A.2d 825, 831 (1992). Allegations of fraud must consist of more than legal conclusions. *Id.*

While it is impossible to establish precise standards as to the degree of particularity required in a given situation, two conditions must always be met. The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge. *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 380, 224 A.2d 174, 179 (1966).

Counts III and VII, which refer to the CorelDRAW! 4 and CorelDRAW! 5 programs, respectively, aver similar allegations:

(1) Defendant was aware its product contained flaws and was unable to perform as represented in its sales materials.

(2) Defendant was aware its programs had not been sufficiently field-tested.

(3) Defendant placed its product into the marketplace knowing the software could not comply with the representations in advertising and promotions.

(4) Defendant released its software as if fully tested and ready to use when the software was experimental and undergoing development.

(5) Defendant knew plaintiff would rely on advertising and promotions.

(6) The software failed to load properly resulting in "crashes," "lockups," and problems with personal computers.

In our view, plaintiff's averments, as summarized above, are a variation on the underlying theme of the amended complaint: defendant's product did not perform as plaintiff expected. Plaintiff does not aver specific representations supposedly made by defendant regarding field testing, the absence of flaws or bugs, the difficulty or ease of loading the software onto a personal computer, or how a prospective purchaser could expect the software to perform. Plaintiff does not aver a specific misrepresentation uttered by defendant with the intent to induce plaintiff to purchase the software. In the court's view, the first, second, and third elements of a fraud cause of action, as those elements were outlined above, are not sufficiently pleaded. Corel's demurrer to Counts III and VII will be sustained.

Corel has also demurred to Counts II, VI, and X which allege claims for breaches of express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose as to the versions of the CorelDRAW! software. Corel contends that the amended complaint does not allege material or specific facts to sufficiently support the causes of action.

A complaint for breach of warranty requires the following:

"The complaint should disclose the nature of the warranty, set forth its terms, state when, by whom and by what authority it was made, whether it was written or oral, its breach, and the damages resulting therefrom, clearly and explicitly, and in terms neither vague nor evasive." Pennsylvania Law Encyclopedia, volume 32, *Sales,* section 294.

The mere allegation that a purchased product was "defective" is inadequate and violates Pennsylvania's fact-pleading practice in a complaint alleging a breach of implied warranty. *Toth v. Glessner,* 16 D.&C.3d 338

(C.P. of Somerset County 1979). Greater specificity is required. As an example, gasoline franchisees stated a cause of action for breach of express and implied warranties against a gasoline seller where the complaint alleged: that defendant expressly warranted through its agreements, mailgrams, and brochures that its oxinol gasoline was of high quality, better for the environment and would not damage new or older automobiles; that the oxinol gasoline was not merchantable because it damaged engines; that it was not fit for the ordinary purpose for which it was intended; that defendant knew that plaintiffs were relying on defendant's skill to furnish suitable gasoline; and defendant's actions constituted a breach of warranties causing harm to plaintiffs in the form of lost profits, incidental and consequential damages. *AM/PM Franchise v. Atlantic Richfield Co.,* 526 Pa. 110, 121-22, 584 A.2d 915, 921 (1990).

It is within the court's discretion to determine the amount of detail required in a complaint. In terms of stating a claim for a breach of an express warranty, the amended complaint is deficient. There is nothing factual alleged in Counts II, VI, and X which states an affirmation of fact or promise by Corel related to the quality of its software which formed the basis of the bargain between the plaintiff and the defendant. Accordingly, defendant's demurrer to plaintiff's claims of breach of express warranties will be sustained. However, plaintiff will be permitted to amend his amended complaint to attempt to cure the aforementioned omissions. Plaintiff's claims for breach of implied warranties of merchantability and fitness of purpose are sufficient. Defendant's demurrer as to these claims will be denied.

In Count XIV of the amended complaint, plaintiff alleges violations of "Pennsylvania Unfair Trade Practices and Consumer Protection Law, and/or consumer

protection laws of the states and territories of the United States which may be applicable." Corel has also demurred to this count of the amended complaint on the grounds that plaintiff does not allege facts to support this cause of action, that the amended complaint does not specify which provisions of the Consumer Protection Law were supposedly violated, and that the amended complaint does not identify the federal consumer protection laws that have been violated. While it has been this court's practice to require a party to specifically identify the provision of the statute allegedly being violated this practice has been in error.

"In civil actions where the facts in a complaint constitute the cause of action, the plaintiff need not specify the statute that the plaintiff contends defendant violated. The plaintiff need only allege the material facts which form the basis of a cause of action that raise a violation of that provision." *State Troopers Association v. State Police,* 667 A.2d 38, 41 n.6 (Pa. Commw. 1995), citing *Heinly v. Commonwealth,* 153 Pa. Commw. 599, 621 A.2d 1212 (1993).

We do not believe, however, that the plaintiff has pleaded facts to demonstrate his standing to bring a claim under the Unfair Trade Practices and Consumer Protection Law, nor has he specified which acts of the defendant are violations of that act "and/or similar consumer protection laws of the states and territories of the United States which may be applicable." Paragraph 102, plaintiff's amended complaint. Defendant's demurrer to Count XIV will be sustained in part and overruled in part. Plaintiff will be granted leave to replead this count.

Finally, Corel has requested a more specific pleading with regards to 52 separate paragraphs. We note that a majority of the paragraphs of the amended complaint have been eliminated as a result of the court's rulings

on prior objections. Counts I, III, IV, V, VII, VIII, IX, X, XI, and XII will be eliminated. Plaintiff will be granted leave to amend Counts II, VI, X, and XIV. The motion for a more specific pleading of remaining paragraphs will be denied.

## ORDER

And now, March 21, 1996, it is hereby ordered:

(1) That the parties shall, within 60 days of the date of entry of this order submit depositions, answers to interrogatories, and requests for admission relating to the issue of the necessity of joining Corel Corporation Limited in this action.

(2) That defendant's motion to dismiss causes of action concerning CorelDRAW! 6 version .112 for lack of standing is hereby sustained. Plaintiff's Counts IX, X, XI, XII, and Counts XIII and XIV to the extent directed to CorelDRAW! 6 version .112, are hereby dismissed without leave to amend, and references to CorelDRAW! 6 version .112 in the amended complaint are hereby stricken.

(3) That defendant's demurrer to Counts I, IV, V and VIII is hereby sustained. The plaintiff is not granted leave to amend these counts.

(4) Defendant's demurrer to Counts III and VII is sustained. The defendant is not granted leave to amend these counts.

(5) That the defendant's demurrer to Counts II, VI, and X is hereby denied.

(6) That the defendant's demurrer to Count XIV is hereby sustained in part and overruled in part. Plaintiff is granted leave to file a second amended complaint as to this count within 20 days of the date of entry of this order.

(7) That the defendant's motion for more specific pleading is hereby denied.