## Erie Insurance Group v. Ford Motor Co.

C.P. of Adams County, no. 00-S-968.

*John Popilock,* for plaintiff.

*Nancy Winschel* and *Richard J. Kabbert,* for defendant.

SPICER, *P.J.,* March 21, 2001—Plaintiff, acting as subrogee on behalf of its insured, filed a complaint

September 29, 2000 against defendant manufacturer to recover from a fire that destroyed insured's 1997 Mercury Mystique and personal property that was in the vehicle. Plaintiff raises claims of breach of warranty, negligence and strict liability[1] alleging the fire was the result of faulty wiring within the vehicle.

Defendant has filed preliminary objections in the nature of demurrers as to counts sounding in negligence and strict liability. Defendant asks the court to dismiss tort claims with prejudice because of the economic loss doctrine. It argues that plaintiff is not entitled to recover purely economic damages arising out of the fire and implies that plaintiff has alleged damages to personal property located within the car only to avoid the doctrine.

A court should not sustain a preliminary objection in the nature of a demurrer unless it is clear that the law will not permit recovery. *Small v. Horn,* 554 Pa. 600, 722 A.2d 664 (1998).

Although the Superior Court has· upheld dismissal of a complaint in a factually similar case, *Jones v. General Motors Corp.,* 428 Pa. Super. 544, 631 A.2d 665 (1993), the case did not involve property other than the motor vehicle. Our Supreme Court has yet to rule on

---

1. Pennsylvania Supreme Court adopted section 402A of the Restatement in *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966).

Section 402A of the Restatement (Second) of Torts, provides in relevant part:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, *or his property*, if . . . ." Section 402A of the Restatement (Second) of Torts (1965). (emphasis added)

the doctrine.[2] The Superior Court's first pronouncement is found in *REM Coal Co. Inc. v. Clark Equipment Co.*,[3] 386 Pa. Super. 401, 409, 563 A.2d 128, 132 (1989), where the court reviewed the history of the doctrine and adopted the standard expressed by the U.S. Supreme Court in *East River S.S. Corp. v. Transamerica Delaval Inc.*,[4] 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986): "recovery in tort is barred in product liability actions between commercial enterprises[5] where the only damage alleged is to the product itself,[6] whether or not

---

2. The doctrine applies to causes sounding in both negligence and strict liability. See also, 4 Standard Pennsylvania Practice 2d §23.6 (p. 323).

3. This case involved an action between a strip mining business and the manufacturer and seller of the front end loader that caught on fire, resulting in damage to the loader itself.

4. An admiralty case also involving two commercial enterprises. Plaintiff and defendant contracted for construction of four supertankers. Plaintiff brought products liability action after discovering turbines were defective, seeking the cost of repair, and income lost while tankers were out of service.

5. The *REM* court noted that the dispute was between two commercial enterprises, as was the case in *East River,* and declined to answer any questions regarding disputes between noncommercial parties. However, our Superior Court later found that the rationale behind *REM* was equally applicable to disputes involving claims brought by individuals. *Jones v. General Motors Corp., supra.*

6. More recently, the U.S. Supreme Court has clarified what constitutes "the product itself" in *Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997). In this case, an individual purchased a boat then added additional equipment to it. The boat was then sold and subsequently sank as the result of a fire in the engine room caused by a defectively designed hydraulic system. The Supreme Court held that plaintiff could recover for the physical damage caused to the equipment as it constituted "other property." Added equipment that played no causal role in the accident that damaged the product is recoverable in tort.

the defect posed a risk of other damage or injury or manifested itself in a sudden and calamitous occurrence."

Justice Blackman writing for the Supreme Court explained:

"The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the 'luck' of one plaintiff in having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products." Citing *Seely v. White Motor Company,* 63 Cal.2d at 18, 403 P.2d at 151.

"Where injury is only to the product itself the reasons for imposing a duty in tort are weak and those for leaving a party to its contractual remedy are strong." *East River,* 476 U.S. at 871, L.Ed.2d at 877. Offering further explanation, the Superior Court has said:

"[In the *East River* case, the Supreme Court] emphasized that where an allegedly defective product causes damage only to itself, and other consequential damages resulting from the loss of the use of the product, the law of contract is the proper arena for redressing the harm because in such a case, the damages alleged relate specifically to product quality and value as to which the parties have had the opportunity to negotiate and contract in advance. They have allocated the risks of possible types of losses, and agreed on the level of quality that will be given for the price demanded. When the product fails to conform and only economic losses result, the parties' recovery one against the other for economic losses should be limited to an action on that con-

tract and no additional recovery in negligence or strict liability is permitted." *New York State Electric & Gas Corp. v. Westinghouse Electric Corp.,* 387 Pa. Super. 537, 550-51, 564 A.2d 919, 925-26 (1989).

However, where other property is injured, such damage may be considered so akin to personal injury that the two are treated alike. *East River,* citing *Seely* at 152.

There is no Pennsylvania appellate authority on point. While the *REM* and *Jones* cases, *supra,* adopted the U.S. Supreme Court's analysis as to damages to the chattel alone, neither case involved additional property.

Section 402A ostensibly authorizes recovery for damages other than to the product in question. It is clear that damage to property in the plaintiff's subrogor's automobile does not involve the type of harm that contract law was designed to redress. It is equally clear that section 402A is designed to reduce to irrelevancy considerations of warranty and contract law. See comment to the section on pages 355 and 356. Thus, commercial law and tort law are designed to provide distinct remedies. There is no reason to disallow recovery when unequivocally stated policy reasons expressed in *REM* and *Jones, supra,* are inapplicable. There is equally no reason for abrogating those policies merely because some other property was damaged.

Accordingly, the attached order is entered.

## ORDER

And now, March 21, 2001, defendant's preliminary objections are sustained as to the 1997 Mercury Mystique, but denied as to the other property. Defendant shall have 20 days in which to file an answer.